UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| KIM LOGAN, as Legal Guardian for ) | |
| JAMES O. GUMM, JR., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| and ) | |
| ) | No. 5:10-CV-03-KSF |
| KENTUCKY CABINET FOR HEALTH & ) | |
| FAMILY SERVICES, ) | ORDER |
| ) | |
|     Intervening Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| UNIVERSITY OF KENTUCKY & ) | |
| KENTUCKY MEDICAL SERVICES ) | |
| FOUNDATION, ) | |
| ) | |
|     Intervening Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| COOPER TIRE & RUBBER COMPANY, ) | |
| ) | |
|     Defendant. ) | |

*** *** *** ***

Defendant Cooper Tire & Rubber Company moved to file under seal its response concerning destructive testing. *See* DE #73 (Motion for Leave). As cause, Cooper Tire cites to paragraph 11 of the Protective Order (DE #53) entered by District Judge Forester and notes the inclusion of excerpts of a deposition designated as confidential. *See* DE #73 at 1. The Court requires additional information from Cooper Tire, as well as a response from the other parties.

In particular, the Court notes that paragraph 11 of the Protective Order envisions partial

1

sealing of filings, rather than total sealing, where not all materials would be confidential:

> When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any record containing confidential material is furnished to any court, a duplicate copy with the discrete confidential material deleted may be substituted in the public record, if appropriate.

*See* DE #53 at ¶ 11 (bold-facing removed). Given that Cooper Tire's response includes additional materials not designated confidential, plus discussion and argument not concerning the deposition marked confidential, the Court contemplates, without yet deciding, that partial sealing of the filing would be most appropriate. Normally, sealing a document that would be part of the Court's decisional basis calls for a particularized showing (and finding) as to the propriety of sealing. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1178-79 (6th Cir. 1983). Cooper also should undertake to explain any particular justification here.

Accordingly, the Court **ORDERS** as follows:

(1) By **Monday, December 6, 2010, at Noon**, Cooper Tire **SHALL** supplement its motion for leave to file under seal, indicating Defendant's position on partial sealing and providing any relevant further information.

(2) By **Wednesday, December 8, 2010, at 5:00 p.m.**, all other parties **SHALL** respond to advise their position on sealing.

(3) Upon the other parties' responses, the matter shall stand submitted for decision.

This the 2d day of December, 2010.



Signed By:
Robert E. Wier
United States Magistrate Judge