**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | | |
|---|---|---|
| KIM LOGAN, as Legal Guardian for<br>JAMES O. GUMM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case 5:10-cv-00003-KSF |
| vs. | ) | |
| | ) | |
| COOPER TIRE & RUBBER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT COOPER TIRE & RUBBER COMPANY'S
MOTION TO COMPEL COMPLIANCE WITH PROTECTIVE ORDER,
TO SECURE RETURN OF CONFIDENTIAL MATERIAL,
AND FOR OTHER APPROPRIATE RELIEF**

Plaintiff's counsel Skip Edward Lynch has violated the Court's October 13, 2010, Protective Order of Confidentiality [D.E. # 53] by disseminating confidential materials from this case to people or entities not before this Court.    When Cooper Tire & Rubber Company ("Cooper Tire") attempted to inquire regarding the circumstances and extent of Mr. Lynch's breach of the Court's Protective Order, he refused to provide any information and argued that the passage of time entitled him to "distribute" a confidential deposition transcript without any prior notice to, or permission from, either the Court or Cooper Tire.    Cooper Tire has attempted to obtain amicable resolution of this matter with Mr. Lynch, but as evidenced by the correspondence attached to this Motion, that effort has failed.[1]    Cooper Tire therefore has no choice but to request that the Court compel Mr. Lynch to disclose the extent to which he has disseminated confidential materials outside this action, and further to determine the remedy or

---

[1]    Undersigned counsel certifies he has complied with Federal Rule of Civil Procedure 37 and Local Rule 37.1 before filing this Motion.

sanction appropriate to cure Mr. Lynch's violation of the Court's Order.   In more specific support for this Motion, Cooper Tire offers the following:

1.      The Court's October 13, 2010, Protective Order of Confidentiality [D.E. # 53] sets out how depositions taken in this case are to be handled, in terms of protecting Cooper Tire's confidential and trade secret information.  In any deposition where the examination or testimony covers confidential topics, Cooper Tire makes it known during the deposition that the deposition is being taken pursuant to the Protective Order.  After receiving the transcript, Cooper Tire is provided 45 days within which to designate the specific portions of the deposition that are to remain confidential.  At that point, only those designated portions are governed by the Protective Order; the remainder of the deposition is unrestricted.  See Protective Order, D.E. # 53, at ¶ 12. Nothing in the Protective Order provides for any sort of waiver or expiration of confidentiality should there be a debate over whether designations are issued within 45 days.

2.      Cooper Tire followed this procedure in connection with the November 19, 2010, deposition of its forensic tire expert Joe Grant.  At Pages 26 and 27 of the transcript of Mr. Grant's deposition, counsel for Cooper Tire stated:

> I was reminded by some of the marking of the exhibits that there is a protective order governing this action entered by the Eastern District of Kentucky. ... So we'll designate this transcript confidential pursuant to the P.O. and work through the next steps as the protective order states. Thanks, Skip.

On February 2, 1011, Cooper Tire provided Plaintiff's counsel with notice of its limited permanent confidentiality designations for Mr. Grant's testimony in keeping with Paragraph 12 of the Court's Protective Order.  See Feb. 2, 2011, T. Warburton Correspondence attached as Exhibit A.

3.      On February 10, 2011, Mr. Lynch responded, alleging that Cooper Tire's "designations were not timely" and therefore Plaintiff's lawyers "do not accept them as valid or

in accord with the Protective Order. ***Furthermore,*** after the time ran with no designations we assumed you had none and ***we distributed the deposition.***" Feb. 10, 2011, S. Lynch Correspondence attached as Exhibit B (emphasis added). Cooper Tire responded, disagreeing with Mr. Lynch on his timeliness assertions. More important to the present Motion, Cooper Tire noted that Mr. Lynch appeared to have taken the matter into his own hands:

> [N]othing allows you to decide these issues without a phone call to us or, more importantly, guidance from the Court. You simply chose to distribute confidential material on your own that as an officer of the Court you are bound to protect.
>
> *     *     *
>
> Protective Orders impose serious obligations upon litigants and counsel, especially counsel admitted in cases such as this one under the *pro hac vice* rules. It appears to us that you have now violated the Protective Order governing this case, and we need to know to what degree you have done so. When, to whom, and by what means did you "distribute" Mr. Grant's deposition transcript? Did you disseminate the entire transcript or only portions? Please let us hear from you as soon as possible on this, including whether you have undertaken to retrieve all such copies to prevent further distribution, so that we may confer regarding what steps are necessary to restore compliance with the Protective Order and whether immediate referral of this matter to the Court is required.

Feb. 14, 2011, T. Warburton Correspondence attached as Exhibit C.

4. On February 15th, Mr. Lynch replied without answering Cooper Tire's inquiries, again relying upon his calculation of the passage of time since receipt of the deposition transcript. See Feb. 15, 2011, S. Lynch Correspondence attached as Exhibit D. Cooper Tire sent a final letter in an attempt to work the issue out the same day, stating:

> As I tried to make clear in my February 14, 2011, letter, it make no sense to debate when I received the transcript and how the dates add up (although I note that 45 days from December 28, 2010, is February 11, 2011). ***You seem to have taken matters into your own hands and, now that we know about it, are refusing to tell us to whom, when, and by what means you sent this confidential transcript to people outside the case. As found by the <u>Toe</u> Court, "at a very minimum," you "should have requested clarification" if you thought my designation of the transcript as confidential was changing or expired somehow.*** You did not do this, and you seem to have violated the Court's Protective Order.

Please provide us the specific information on how this occurred so that we may inform the Court.

Feb. 15, 2011, T. Warburton Correspondence attached as Exhibit E (emphasis added). The next day both Mr. Lynch and Mr. Ball responded. See Feb. 16, 2011, S. Lynch Correspondence attached as Exhibit F, and Feb. 16, 2011, W. Ball Correspondence attached as Exhibit G. The letters again repeat alleged reliance upon the 45 day period stated in Paragraph 12 of the Court's Protective Order, but provide no information regarding the specifics of Plaintiff's dissemination of the confidential deposition transcript at issue.

5. *The reason Mr. Lynch refuses to disclose when, and to whom, he "distributed" the deposition transcript at issue is because he violated even his interpretation of the Court's Protective Order.* Cooper Tire has received notice that on *January 19, 2011*, long before Mr. Lynch supposedly "assumed" Cooper Tire had no confidentiality designations, he filed a portion of the deposition into the public record of a case against Hankook Tire Manufacturing Company pending in the Northern District of Mississippi. See Johnson v. Hankook, Plaintiff's Objection to January 5, 2011, Order of Magistrate, attached as Exhibit H. *Exhibit 2 to that January 19, 2011, Objection is 25 pages of Mr. Grant's deposition transcript in this case.*

6. Two things are made clear by Mr. Lynch's January 19, 2011, filing. *First, Mr. Lynch's arguments relating to the timeliness of Cooper Tire's confidentiality designations are a sham.* He has alleged repeatedly in correspondence as an officer of this Court, admitted *pro hac vice,* that he "relied on the protective order in this case," and "after the time ran" he "distributed the deposition." Exhibits B and F. There is absolutely no mathematical way 45 days could have run before Mr. Lynch filed the confidential deposition transcript at issue in Mississippi on January 19th. Forty-five days prior to January 19, 2011, precedes even December 13, 2010, the date Mr. Lynch stated he received the transcript. See Exhibit B ("The deposition

4

transcript was received on December 13, 2010."). *Second, it appears that Mr. Lynch has absolutely no respect for the Court's Order.* As Cooper Tire noted to Mr. Lynch on multiple occasions, the right thing to do if he truly believed the 45-day period in the Court's Protective Order had run was to consult with counsel for Cooper Tire or seek guidance from the Court. Instead, Mr. Lynch purposefully or at least recklessly violated the Court's Order.

       7.     A strikingly similar issue came up in connection with the <u>Toe v. Cooper Tire</u> proceedings in Iowa. By Order dated February 3, 2011, that Court found:

> A dispute arose between the parties when Defendant's counsel failed to file which portions of the deposition of Lyle Campbell were confidential and Plaintiff provided this deposition to an individual not a party to the orders in this case. The Lyle Campbell deposition was taken during trial to preserve Mr. Campbell's testimony and was then placed into the record. It was not a discovery deposition. Immediately upon learning of this dispute, the court ordered that the Campbell deposition be retrieved. And this has been done.
>
> *It was, and continues to be, clear to this court that the Defendant intended to mark certain portions of the Campbell deposition as confidential* and inadvertently failed to file these designations. *Plaintiffs' counsel should have known this was the case and should have continued to protect the deposition or, at a very minimum, should have requested specific clarification from the court as to whether all or portions of this deposition remained confidential. Plaintiffs' counsel did not.* The court cannot conclusively make a finding that Plaintiffs' counsel *knowingly* violated the protective orders of the court but does believe *they knew or should have known the need to seek the specific guidance of the court when considering whether to give this deposition to someone not covered by the protective order in this case. And the court specifically finds that the Plaintiffs' counsel should have obtained a clear ruling from the court prior to taking these actions.*
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED the Defendants' Motion is GRANTED in part. The Plaintiffs' counsel has retrieved the deposition and will not further disseminate this deposition to any other individuals. Plaintiffs' counsel will also pass a copy of this order along to whomever they provided the deposition to and shall inform that person the document remains confidential pursuant to the orders of this court.

Feb. 3, 2011, Order attached as Exhibit I (emphasis added). Plaintiff's counsel in this case, including Mr. Ball and Mr. Lynch's partner Bruce Kaster, were counsel in the <u>Toe</u> matter.

It appears that under any interpretation of the Court's Protective Order, Mr. Lynch violated it. Cooper Tire has attempted in good faith to determine when and to whom Mr. Lynch sent the confidential Grant transcript, but he refuses to provide any of that information, presumably because it will further reveal the falsity of his purported reliance upon the 45 day provision in Paragraph 12 of the Court's Protective Order. Cooper Tire respectfully submits that Mr. Lynch's January 19th violation of the Court's Protective Order is likely just the beginning, and that it requires the assistance of the Court to determine the extent to which Mr. Lynch has "distributed" the transcript at issue, other confidential deposition transcripts, or confidential documents outside this case. Mr. Lynch should be compelled to reveal the full extent of his actions with regard to the Grant transcript and all other confidential material governed by this Court's Protective Order. Further, Cooper Tire requests that the Court consider what remedies or sanctions are necessary under these facts.

Dated this 21st day of February, 2011.

Respectfully Submitted,

/s/ R. Thomas Warburton
One of the Attorneys for Defendant
Cooper Tire & Rubber Company

6

<u>OF COUNSEL</u>

David T. Schaefer, Esq.
DINSMORE & SHOHL LLP
101 South Fifth St.
2500 National City Tower
Louisville, KY 40202
Telephone: (502) 581-8026
Facsimile: (502) 581-8111
Email: David.Schaefer@dinslaw.com

Lee A. Rosenthal, Esq.
DINSMORE & SHOHL LLP
250 West Vine Street, Suite 1400
Lexington, KY 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
Email: Lee.Rosenthal@dinslaw.com

Justin T. McDonald, Esq.
R. Thomas Warburton, Esq.
John Mark Goodman, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: jmcdonald@babc.com
Email: twarburton@babc.com
Email: jmgoodman@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2011, the foregoing was electronically filed with the United States District Court of the Eastern District of Kentucky, which will send Notification of Electronic Filing to:

Wesley T. Ball, Esq.
Kyle W. Farrar, Esq.
Farrar & Ball, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Email: wes@fbtrial.com
Email: kyle@fbtrial.com

Bruce R. Kaster, Esq.
Skip Edward Lynch, Esq.
Kaster & Lynch, P.A.
P.O. Box 100
Ocala FL 34470-0100
E-mail: bruce@tirefailures.com
E-mail: skipelynch@aol.com

Brian T. Judy, Esq.
Cabinet for Health & Family Services
275 E. Main Street, 5W-A
Frankfort, KY 40621
Email: brian.judy@ky.gov

Fred E. Peters, Esq.
Fred E. Peters Law Firm
226 East High Street
P.O. Box 2043
Lexington, KY 40588-2043
Email: fpeterslaw@aol.com

R. Frank Melton, Esq.
Curtis R. Newsome, Esq.
Newsome Law Firm
20 North Orange Avenue, Suite 800
Orlando, FL 32801
Email: melton@newsomelaw.com
Email: newsome@newsomelaw.com

John W. Oakley Esq.
Marshall, Oakley & Oakley
109 Court Row
Nicholasville KY 40356
Email: oakleylaw@hotmail.com

/s/ R. Thomas Warburton
OF COUNSEL