UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

KIM LOGAN, as Legal Guardian for   )
JAMES O. GUMM, JR.,                )
                                   )
    Plaintiff,                     )
                                   )
and                                )
                                   )   No. 5:10-CV-03-KSF
KENTUCKY CABINET FOR HEALTH &      )
FAMILY SERVICES,                   )   ORDER
                                   )
    Intervening Plaintiff,        )
                                   )
and                                )
                                   )
UNIVERSITY OF KENTUCKY &           )
KENTUCKY MEDICAL SERVICES          )
FOUNDATION,                        )
                                   )
    Intervening Plaintiffs,       )
                                   )
v.                                 )
                                   )
COOPER TIRE & RUBBER COMPANY,      )
                                   )
    Defendant.                     )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    The Court conducted a telephonic conference regarding accumulated discovery disputes in this case. Both Logan and Cooper Tire appeared by counsel. The Court considered the parties' pre-call submissions and argument on the call, and now **ORDERS** as follows:

    *1. Gladstone deposition*

    The Court finds no basis for blaming Plaintiff for interruption of the Gladstone deposition. Without prejudice to any rights against Gladstone himself under Rule 45 of the Federal Rules of

Civil Procedure, the Court **DENIES** any sanction against Plaintiff.

*2. Discovery objections*

Cooper Tire served discovery immediately before and immediately after the discovery deadline. The Court set the deadline (after several extensions) for February 15, 2011, with a limited period of additional discovery related to particular depositions. *See* DE # 72 (Order), at 2 (setting February 15, 2011, fact-discovery deadline); DE #108 (Order), at 2 (extending deadline as to and arising from specific depositions to March 15, 2011). Cooper Tire served final discovery on February 14 and February 18, and makes no argument that the enlarged period permits post-February 15 discovery.

Whether the deadline regulates service or a completed response is an issue of bar debate. The Court understands Cooper Tire's expectation premised on prior District practice, although the undersigned does not make any finding about what the deadline means in general. The language is ambiguous. Further, the February 14 discovery is limited. Thus, the Court **ORDERS** Plaintiff to respond **within 21 days** to the discovery served on February 14.

The February 18 discovery is a different matter. Service occurred after the deadline. Cooper Tire has not justified relief from that deadline. Additionally, it appears that Cooper Tire was aware of the need to query bias evidence in advance of the deadline. Finally, the Court questions the use of party discovery to seek bias information concerning a connection to counsel (as opposed to a connection to the party itself). That is, the Court doubts that Plaintiff has knowledge or adequate control to make the responses sought. The Court **DENIES** any relief as to the discovery served on February 18.

*3. Requested authentication*

The Court is perplexed by the parties' inability or unwillingness to reach reasonable stipulations about document authenticity. The Court relieves Cooper Tire of the duty to respond to the requests served on April 1, 2011, and modifies its prior Order to permit Plaintiff to serve requests to admit genuineness of up to 100 (one hundred) *distinct* documents.[1] Each request must be separately stated. The documentary balance will play out in the exhibit identification/objection process. The Court agrees that Cooper Tire reserved admissibility objections in DE #53. However, that does not mean Cooper Tire can employ that order, which relates only to "records and/or things of Defendant Cooper Tire," *see* DE #53 (Protective Order) at 1, but then essentially contest whether a marked document in fact is a "record" or "thing" of Cooper. Also, if Cooper has in fact stipulated to the genuineness of the same documents before other courts, it would need to explain any persistent objections here regarding authenticity.

Plaintiff must serve the specific requests **within 7 days**, and Cooper Tire must respond **within 14 days of service**.

*4. Schedule*

The Court agrees that pretrial filing and related dates should fit the new pretrial and trial schedule. As such, the Court modifies DE #147 as follows:

The Court moves the filing date for pre-trial compliance (witness and exhibit lists, pre-trial memoranda, motions in limine (including *Daubert*)) to **June 2, 2011**.

The Court moves the date for exchanging pre-marked exhibits and meeting to formulate agreed jury instructions to **June 9, 2011**.

---

[1] The Court finds that, given the evident latent disputes about documents, this increased request number and this particular timing will reduce issues and increase trial efficiency.

The Court moves the date to file any objections to witnesses/exhibits to **June 23, 2011**. A party shall respond to all such objections by **July 6, 2011**.

\* \* \*

The Court issues this as a provisional ruling based on the preliminary record and call content. If either party is unsatisfied with the ruling, in whole or part, that party may file an appropriate motion. Upon filing of any such motion, the Court will promptly set an accelerated briefing schedule to reach a final and appealable decision. Unless displaced by subsequent order, the status quo remains in effect.

This the 19th day of April, 2011.

Signed By:
Robert E. Wier
United States Magistrate Judge