UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-03-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                      PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & FAMILY SERVICES                                                INTERVENING PLAINTIFF

and

UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                       INTERVENING PLAINTIFF


v.                                         **OPINION & ORDER**



COOPER TIRE & RUBBER COMPANY                                                DEFENDANT

\* \* \*\*\* \*\*\*\*\* \*

This matter is before the Court upon the motion [DE #157] of the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the plaintiff's claim for punitive damages. This motion is fully briefed and is ripe for review. For the reasons set forth below, Cooper Tire's motion will be granted.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O.

Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck that he had purchased as a used vehicle in 2007. At that time, the vehicle had 137,464 miles on it. While he was driving westbound in the left lane, the left rear tire of his truck failed. The subject tire was manufactured by Cooper Tire in 2002, and had approximately 71,000 miles on it.

As a result of the tire failure, Gumm turned the wheel to the right and applied his brakes, forcing the truck off the right side of the interstate. The truck slammed into a rock wall, flipped over, and landed back on the roadway. At the time of the accident, Gumm was not wearing his seat belt and he was talking on his cell phone. Toxicology tests confirmed the presence of THC (a marijuana metabolite), oxycodone, and oxymorphone in his urine. Syringes were found at the scene of the accident, and other drug paraphernalia was found on his person at the hospital. Gumm was rendered a brain-injured quadriplegic as a result of the accident.

This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 [DE #1]. The plaintiff alleges that the tire on Gumm's truck failed as the result of a design defect resulting in tread belt separation. The plaintiff asserts claims for strict liability, negligence, breach of implied and express warranties, and failure to warn of known and foreseeable risks. The plaintiff seeks to recover damages for personal injury, permanent impairment of earning capacity, past and future medical expenses, pain and suffering, and punitive damages. Cooper Tire has filed this motion for partial summary judgment on the plaintiff's punitive damages claim.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56(a) entitles a moving party to summary judgment if that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c)(1) further instructs that "[a] party asserting that a fact cannot be or is genuinely disputed

must support the assertion" by citing to the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). The moving party may meet this burden by demonstrating the absence of evidence concerning an essential element of the nonmovant's claim on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, it must produce specific facts showing that a genuine issue remains. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record in its entirety, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III.  PUNITIVE DAMAGES

Punitive damages are available under Kentucky law if a plaintiff proves by clear and convincing evidence that a defendant acted with oppression, fraud or malice. KRS 411.184(2). In addition, punitive damages may be awarded where "gross negligence" is shown. *Williams v. Wilson*, 972 S.W.2d 260, 262-65 (Ky. 1998). In Kentucky, the "prevailing understanding defines gross negligence as a 'wanton or reckless disregard for the safety of other persons.' It is not necessary that the jury find the defendant to have acted with express malice; rather, it is possible that a certain course of conduct can be so outrageous that malice can be implied from the facts of the situation." *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. App. 2009)(citation omitted). Clear and convincing evidence means "evidence substantially more persuasive than a preponderance of evidence but not beyond a reasonable doubt." *Fitch v. Burns*, 782 S.W.2d 618, 622 (Ky. 1999). This burden of proof applies even at the summary judgment stage. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).

#### A.  THE PARTIES' POSITIONS

The plaintiff alleges that Cooper Tire consciously ignored dangerous design defects in the subject tire. Specifically, the plaintiff contends that Cooper Tire knew its product was defective, and that the defects resulted in an unusually high rate of tread belt separations. According to the plaintiff, Cooper Tire failed to employ reasonable design measures to prevent tread separation, including effective alternative designs such as belt edge gum strips ("BEGS").

The plaintiff, in making her argument in support of punitive damages, analyzes the factors to be used by the trier of fact to determine the *amount* of punitive damages. *See* KRS § 411.186(2). These factors are not necessarily relevant in the analysis of whether punitive damages should be

awarded in the first place under KRS 411.184(2). Nevertheless, relying on the first factor, likelihood of serious harm, the plaintiff contends that tread separations are dangerous events which pose a significant risk of serious bodily injury or death. The second factor is the degree of the defendant's awareness. The plaintiff argues that Cooper Tire became aware of a company-wide tread separation problem sometime in 1994, and points to various internal documents apparently acknowledging a problem and discussing the effectiveness of BEGS as an alternative design. The plaintiff argues that the third factor, profitability of the conduct to the defendant, resulted in Cooper Tire's decision not to incorporate the design change. The fourth factor is the duration of the conduct. According to the plaintiff, Cooper Tire knew of the increasing trend of tread separation in its products for over a decade leading up to the manufacture of the subject tire. The fifth and final factor relied upon by the plaintiff is the action by the defendant to remedy the conduct. The plaintiff contends that despite Cooper Tire's knowledge of the problem and of a solution, Cooper Tire chose not to approve the addition of BEGS.

In its defense, Cooper Tire contends that punitive damages are not available in this case because its design decision to not include BEGS in the subject tire was not outrageous through fraud, oppression, malice or gross negligence. Even if the plaintiff is able to show that this alternative was safer and more cost effective, Cooper Tire argues that this proof does not amount to the outrageous conduct required to justify punitive damages. In short, Cooper Tire contends that the plaintiff has not come forward with admissible, constitutional, and clear and convincing evidence that Cooper Tire acted outrageously and maliciously toward the plaintiff.

B.  SUFFICIENCY OF THE EVIDENCE

Even viewing the admissible evidence and making all reasonable inferences in a light most favorable to the plaintiff, the Court finds that Cooper Tire is entitled to summary judgment on the plaintiff's punitive damages claim. Essentially, this boils down to a design choice made by Cooper Tire concerning the amount of rubber between the tire's steel belts. While there is no industry standard or regulations setting forth the amount of rubber that must be present, Federal safety standards specify performance criteria. Cooper Tire elected to design the subject tire without BEGS and instead opted for another option known as unbalanced calendaring. The subject tire met or exceeded all Federal and industry safety testing requirements and the plaintiff's tire expert, Troy Cottles, could not point to any regulatory test, industry, or Cooper Tire specification that the subject tire failed to meet. Compliance with regulatory testing requirements weighs against a claim for punitive damages. *Cameron v. Daimlerchrysler*, 2005 WL 2674990, *9 (E.D.Ky 2005).

To the extent that the plaintiff points to internal Cooper Tire documents acknowledging problems with tread separation, this evidence does not amount to the outrageous or malicious conduct necessary to justify punitive damages. This evidence was created in the normal course and evolution of the design and manufacturing process. Cooper Tire has presented evidence that it has tested and evaluated alternative designs, including BEGS, and made an informed decision to utilize unbalanced calendaring on many tires, including the subject tire. While evidence of Cooper Tire's knowledge of tread separation problems may support the plaintiff's design defect claim, it does not rise to the level of outrageous or malicious conduct necessary to support a claim for punitive damages.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Cooper Tire's motion for partial summary judgment [DE #157] is **GRANTED** and the plaintiff's claim for punitive damages is hereby **DISMISSED**.

This June 10, 2011.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge