UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-03-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                          PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & FAMILY SERVICES                                  INTERVENING PLAINTIFF

and

UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                        INTERVENING PLAINTIFF


v.                                  **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                      DEFENDANT

\* \* \*\*\* \*\*\*\*\* \*

This matter is before the Court upon the motion [DE #156] of the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on various claims asserted by the plaintiff. This motion is fully briefed and is ripe for review. For the reasons set forth below, Cooper Tire's motion will be granted.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O.

Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck that he had purchased as a used vehicle in 2007. At that time, the vehicle had 137,464 miles on it. While he was driving westbound in the left lane, the left rear tire of his truck failed. The subject tire was manufactured by Cooper Tire in 2002, and had approximately 71,000 miles on it.

As a result of the tire failure, Gumm turned the wheel to the right and applied his brakes, forcing the truck off the right side of the interstate. The truck slammed into a rock wall, flipped over, and landed back on the roadway. Gumm was rendered a brain-injured quadriplegic as a result of the accident.

This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 [DE #1]. The plaintiff alleges that the tire on Gumm's truck failed as the result of a design defect resulting in tread belt separation. The plaintiff asserts various claims for strict liability, negligence, breach of implied and express warranties, and failure to warn of known and foreseeable risks. The plaintiff seeks to recover damages for personal injury, permanent impairment of earning capacity, past and future medical expenses, pain and suffering, and punitive damages. Cooper Tire has filed this motion for partial summary judgment on the plaintiff's claims for negligent marketing, negligent distribution, negligent testing, negligent inspection, failure to warn, and breach of warranty.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56(a) entitles a moving party to summary judgment if that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c)(1) further instructs that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to the record or "showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). The moving party may meet this burden by demonstrating the absence of evidence concerning an essential element of the nonmovant's claim on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, it must produce specific facts showing that a genuine issue remains. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record in its entirety, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

**III.   ANALYSIS**

    **A.   COOPER TIRE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

In support of her claims, the plaintiff has retained Troy Cottles, a purported expert on tire failure, manufacturing and design. Cooper Tire argues that based on Cottles' Rule 26(a)(2)(B) expert report and his deposition testimony, he has limited his theories of defect in the subject tire to only a few theories. As a result, Cooper Tire argues that it is entitled to partial summary judgment on the following claims asserted in the plaintiff's complaint which Cottles' testimony does not support: (1) negligent marketing; (2) negligent distribution; (3) negligent testing; (4) negligent inspection; (5) failure to warn; (6) breach of warranty; and (7) any defect or liability theory beyond those presented by Cottles.

In her response, the plaintiff does not oppose Cooper Tire's motion for partial summary judgment on her claims for negligent distribution, negligent testing, negligent inspection, and breach of warranty. The plaintiff does, however, oppose Cooper Tire's motion for partial summary judgment on the failure to warn and negligent marketing claims.

    **B.   FAILURE TO WARN**

In order to succeed on her failure to warn claim, the plaintiff must prove: (1) Cooper Tire had a duty to warn; (2) the warnings Cooper Tire gave were inadequate; and (3) the inadequate warnings were the proximate cause of the plaintiff's injuries. *Stewart v. General Motors*, 102 Fed.Appx 961, 964 (6th Cir. 2004). Under Kentucky law, "a warning must be fair and adequate, to the end that the [product] user, by the exercise of reasonable care on his own part, shall have a fair and adequate notice of the possible consequences of use or even misuse." *Post v. American Cleaning Equip. Corp.*, 437 S.W.2d 516, 520 (Ky. 1968); *see also King v. Ford Motor Co.*, 209 F.3d 886, 895 (6th

Cir. 2000). "Kentucky law imposes a general duty on manufacturers and suppliers to warn of dangers known to them but not known to persons whose use of the product can reasonably be anticipated." *Watters v. TSR, Inc.*, 904 F.2d 378, 381 (6th Cir. 1990).

Here, there is no dispute that Cooper Tire warned users of dangers associated with the subject tire. A warning was embossed on the sidewall of the subject car, and the limited warranty associated with the subject tire included four pages of warnings. The Chevrolet owner's manual for the truck also included warnings about underinflating or overloading tires, as well as mixing tire size and types. The plaintiff has come forward with no evidence that Gumm heeded any of these warnings. Instead, the evidence reveals that at the time of the accident, the tire was six years old and had been driven for 71,000 miles with no evidence of rotations, alignments or other maintenance. Additionally, Cooper Tire has presented evidence that the subject tire was the wrong size and load-carrying capacity for the truck. The evidence also reveals that the subject tire had a deep puncture through its tread and two steel belts that broke steel belt wires. The warnings contained in the limited warranty warned that "[u]se of a damaged tire could result in sudden tire destruction." The subject tire also showed signs of overdeflected operation, which can be caused by overloading, underinflation, or a combination of both. Warnings provided by Cooper Tire warned users of the consequences of operating the subject tire in an overdeflected/underinflated condition.

The plaintiff has failed to come forward with any evidence that Gumm read or heeded any of the warnings provided by Cooper Tire. Rather, the plaintiff has asserted only a "vague theory of warning," with no evidence, expert or otherwise, addressing any additional or alternative warnings that should have been included with the tire. While the plaintiff argues that expert testimony is not necessary in this case, the Court disagrees. Tires are complex products and any warnings embossed

5

on them or provided by manufacturers are inherently technical matters not within the common knowledge of laymen. Expert testimony, therefore, is necessary for the plaintiff to establish that the warnings were inadequate and that the inadequate warnings caused Gumm's injuries. *See e.g., Keel v. St. Elizabeth Med. Center*, 842 S.W.2d 860 (Ky. 1992); *Kenton County Public Parks Corp. v. Modlin*, 901 S.W.2d 876 (Ky. 1997); *Demaree v. Toyota Motor Corp.*, 37 F.Supp.2d 959, 969 (W.D.Ky. 1999). Without such proof, the jury would be forced to speculate as to whether the warnings were inadequate and whether Gumm's injuries were the result of the alleged failure to warn. A jury verdict cannot be "based on speculation, supposition, or surmise. . . ." *Midwestern V.W. Corp. v. Ringley*, 503 S.W.2d 745, 747 (Ky. 1973). As a result, Cooper Tire is entitled to summary judgment on the plaintiff's failure to warn claim.

### C. NEGLIGENT MARKETING

The plaintiff also alleges that Cooper Tire negligently marketed the subject tire. The plaintiff's argument with respect to her negligent marketing claim is merged with her failure to warn claim. Thus, to the extent that her negligent marketing claim duplicates her failure to warn claim, it must be dismissed for the reasons set forth above.

The plaintiff has come forward with no evidence that Gumm received any communication, marketing or otherwise, from Cooper Tire with respect to the subject tire. There is no dispute that the subject tire was purchased in 2002 or 2003 by the prior owner of the vehicle. While Cooper Tire concedes that privity of contract is not required for the plaintiff to pursue her negligent marketing claim, Cooper Tire argues that there is simply no evidence to submit to a jury on this claim. Carefully reviewing the record, the Court agrees. The plaintiff's only tire-related expert, Troy Cottles, has provided no opinions relative to Cooper Tire's marketing of the subject tire. The

plaintiff's response to this motion for summary judgment also fails to point to any evidence of negligent marketing. Rather, plaintiff simply relies on cases from courts outside this jurisdiction to argue that an expert opinion is not necessary. However, because the plaintiff has failed to come forward with any evidence, expert or otherwise, in support of her negligent marketing claim, Cooper Tire is entitled to summary judgment on this claim.

### IV.  CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Cooper Tire's motion for partial summary judgment [DE #156] is **GRANTED** and the plaintiff's claims for negligent marketing, negligent distribution, negligent testing, negligent inspection, failure to warn, breach of warranty, and any theory of negligence or defect in the manufacture and design of the subject tire outside the opinions expressed by Troy Cottles are hereby **DISMISSED**.

This June 21, 2011.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge