UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| KIM LOGAN, as Legal Guardian for ) <br> JAMES O. GUMM, JR., ) <br> ) <br>     Plaintiff, ) <br> ) <br> and ) <br> ) <br> KENTUCKY CABINET FOR HEALTH & ) <br> FAMILY SERVICES, ) <br> ) <br>     Intervening Plaintiff, ) <br> ) <br> and ) <br> ) <br> UNIVERSITY OF KENTUCKY & ) <br> KENTUCKY MEDICAL SERVICES ) <br> FOUNDATION, ) <br> ) <br>     Intervening Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COOPER TIRE & RUBBER COMPANY, ) <br> ) <br>     Defendant. ) | No. 5:10-CV-03-KSF <br><br> ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    Defendant Cooper Tire & Rubber Company moved to compel responses to "witness retention, compensation, and bias-related discovery requests." *See* DE #161 (Motion to Compel). After a telephonic conference, the Court provisionally denied this relief to Defendant, *see* DE #160 (Order) at 2, but afforded leave for further motion practice, pursuant to District Judge Forester's discovery dispute mechanics. *See* DE #23 (Scheduling Order) at 4.[1] In that provisional

---

[1] Cooper's motion obviously is proper procedurally.

order, the Court determined the discovery requests to have been late-served, questioned the use of party discovery to seek bias information concerning counsel, and queried whether Plaintiff would have any knowledge or adequate control to make the responses. *See* DE #160 at 2. Defendant now contends that the bias issues could not have been discovered earlier and raise serious ethical questions. *See* DE #161-1 (Memorandum) at 9, 14-16.

In response, Kim Logan contends that Cooper Tire knew about these alleged bias issues well before expiration of the discovery deadline and had full opportunity to delve into those issues at the depositions of the witnesses in question ("the London witnesses"). *See* DE #169 (Response in Opposition) at 2-3. Plaintiff contends that the London witnesses will solely serve as fact witnesses in this matter based on "their relevant first-hand experiences and direct observations of alternative designs at Avon Tyre." *See id.* at 13-14.

Cooper Tire replies to emphasize perceived ethical questions concerning Plaintiff's counsel's actions with respect to the London witnesses.[2] *See* DE #184 (Reply) at 2. Defendant also points to allegedly conflicting representations about the corporate relationship between Avon Tyre and Cooper Tire and how that relationship impacts proper handling of the witnesses now. *See id.* at 3-4.

For the reasons described below, the Court **DENIES** Defendant's motion to compel additional discovery related to bias.

\* \* \*

The Court considers the arguments by Defendant solely in this motion to compel posture,

---

[2] Plaintiff submitted a sur-reply without leave of court. *See* DE #185 (Sur Reply). The Court **ORDERS** the filing to be **STRICKEN** as unauthorized. The Court will not consider the sur-reply in its decision.

and that posture leaves little in factual conflict, despite substantial briefing from the parties. That is, the Court considers only whether it should compel responses to the late-served discovery requests regarding bias, not whether any counsel has committed misconduct under the Kentucky Rules of Professional Conduct[3] or whether fact/expert witness distinctions (under Kentucky or Minnesota law) have any impact on trial testimony.[4]

Cooper Tire contends the discovery should not be considered late-served. According to Defendant, Plaintiff waived any argument relating to the February 15, 2011, deadline by not making that argument prior to the April 18, 2011, telephonic conference. *See* DE #161-1 at 18. Cooper Tire indicates that, had it known the Court would base its decision on the February 15 deadline, Defendant would have provided additional facts and representations. *See id.* Cooper Tire asserts that, most importantly, the London witnesses had been retained as experts in other related matters, providing them significant compensation, despite purportedly only serving as fact witnesses in the instant matter. *See id.* at 17. Defendant argues that (at least as to Adams) it only learned of the expert retention in other matters, and associated reports, a few days before the February 15 deadline, so served related discovery requests in a speedy and appropriate manner. *See id.*

These arguments about timeliness do not persuade. First, the Court set the February 15 discovery deadline by prior order, as well as the March 15 deadline for limited follow-up

---

[3] Per Local Rule 83.2(a), attorneys seeking *pro hac vice* admission must consent in writing "to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct." LR 83.2(a). Counsel so admitted in this action have given the required consent. The Court may sanction unprofessional conduct under Local Rule 83.2(c).

[4] Determinations about testimony to be permitted at trial would properly be presented to the District Judge in a motion *in limine* posture. Here, the Court only considers whether responses to late-served discovery requests should be compelled.

3

discovery, and whether Plaintiff specifically argued the deadline should be enforced does not waive compliance with the Court's order and thus enforcement of the deadline. Under the guise of waiver, *see* DE #161-1 at 18; DE #184 at 4, Cooper Tire effectively asks the Court to order new relief not sanctioned by its own prior order.[5] This case has featured numerous discovery disputes, and at least partly as a result, the schedule has been revised multiple times. *See, e.g.*, DE #108 (Order) at 2 ("This will be the final discovery extension."). Second, the Court provided all parties with an opportunity to provide additional facts and representations during the telephonic conference, so the indication that, if only Cooper Tire had known about the February 15 deadline argument prior to the telephonic conference and had an opportunity to make a case it would have prevailed, simply fails. Defendant could have raised the issues during the telephonic conference, and the Court would have been glad to consider any additional facts and representations.

Notwithstanding Cooper Tire's assertions about the telephonic conference, the instant briefing provided Defendant with an opportunity to make its full argument. However, none of Defendant's additional facts and representations convinces the Court that it should validate the late-service of the discovery requests. To be clear, Cooper Tire deposed the London witnesses, with an opportunity (acted upon, based upon the transcript excerpts in the record) to ask bias-related questions. Repeatedly, the parties in this matter have told the Court about how the instant case relates to a series of Cooper Tire cases involving the same (and other) attorneys and witnesses, so the parties have long been on notice that witnesses may be involved not just in this

---

[5] Certainly, the requests are not follow-up discovery under the Court's February 2, 2011, order permitting such discovery. The bias-related discovery does not "directly emerge[] from . . . [the] specific depositions." *See* DE #108 (Order) at 2.

case, but in other related cases. *See* DE #161-1 at 3 ("Based upon the nature of these witnesses' relationship with Cooper Tire's subsidiary, **its knowledge of prior work by Mr. Osborne**, and that expert witnesses in this case had not yet been disclosed, Cooper Tire up front asked for more detail regarding the expected testimony before the 'fact' depositions.") (emphasis added).

Armed with that knowledge – and the record in the instant case is replete with references to same – the parties took discovery, including the depositions of the London witnesses. Cooper Tire had an opportunity to ask the London witnesses at deposition about their involvement in any other cases and their relationship with any parties or counsel in the cases. *See, e.g.*, DE #161-2 (Deposition of Osborne Excerpts) at 6-9, 11-13; DE #161-3 (Deposition of Adams Excerpts) at 15-17. Indeed, Cooper Tire knew at the time (October 2010) that Osborne had repeatedly worked with Wes Ball. *See* DE #161-2 at 8. Cooper knew during the deposition that Ball had separately retained Osborne, and had a then-open matter, during the Logan case. *See id.* at 9. Cooper asked about these issues. Further, the witnesses all demonstrated an expectation of compensation as to the depositions. *See, e.g.*, *id.* at 6; DE #161-5 (Adams Invoice); DE #161-6 (Pegler Invoice). Defendant may not have learned of the Adams retention by Kaster until February 2011, but Cooper Tire well knew that other associations and possible compensation were in play. The Court finds no adequate cause for excusing the failure to serve discovery in the months between the deposition and the discovery deadline. Defendant had the opportunity to serve timely discovery requests related to bias, if Cooper Tire so desired. The Court will not now provide Defendant with additional bites at the same apple.

Defendant additionally contends that, even if its bias-related discovery requests were late-served, the ethical issues raised by the requests have such particular import that late-service

should be excused, and thus responses compelled. *See* DE #161-1 at 18-19. However, Cooper Tire's argument delves more into what testimony should be presented at trial. *See id.* at 19 ("Plaintiff and her attorneys should not be allowed to present the London Witnesses to the Court and jury as 'fact' witnesses when in fact they have been paid and examined as experts."). Such an argument would, of course, properly be before District Judge Forester in a motion *in limine* posture, not before the undersigned in a motion to compel posture. In terms of discovery, Cooper Tire's current perception of the importance of the bias-related information sought appears to contrast with Defendant's perception at the time of the deposition of the London witnesses, where Cooper Tire had the opportunity to delve into the bias-related issues directly with the witnesses at issue. That Defendant chose to emphasize the bias-related issues less then, but wishes now to have asked more questions and probed deeper at that time, does not provide an appropriate basis for compelling responses to Cooper Tire's late-served bias-related discovery requests at this time. Of course, the Court has a foundational investment in the character and integrity of proceedings, but this investment does not authorize the additional discovery on the limited record before the Court, no matter how passionately Cooper Tire invokes the core character and integrity values. In any event, the bias theory plainly exists in the record and is sufficiently available as an impeachment avenue for Cooper Tire.

     As a practical matter, to the extent Defendant seeks information about counsel's prior interactions with the London witnesses or retention of the London witnesses as experts in other related matters, the Court continues to question whether party discovery provides an apt vehicle and whether Plaintiff would have had custody and control of any responsive information. Again, Cooper Tire – armed with notice and knowledge of the relation of other Cooper Tire cases

involving the same and other attorneys and witnesses – took the depositions of the London witnesses and asked bias-related questions. Those depositions (or Cooper Tire's own depositions, if it so chose) afforded the best, and most appropriate, means of seeking the information that Defendant now wishes to interrogate. Cooper Tire's motion and briefing do not persuade the Court that any new justificatory information has come to light that would warrant further or other discovery now.

* * *

For the reasons described, the Court **DENIES** Cooper Tire's motion to compel (DE #161).[6] This determination concerns the merits of the motion to compel and is without prejudice to any properly raised arguments on motion in limine before District Judge Forester or other arguments concerning the conduct of counsel.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 27th day of June, 2011.



Signed By:
Robert E. Wier   REW
United States Magistrate Judge

---

[6] Whether an ethical problem exists to any degree is not clear. The particulars of fact witnesses, having an element of expertise or a loss of income occasioned by testimony, makes assessment here, in the context of a discovery dispute, premature.
The Court permitted the depositions only as fact witnesses, and Plaintiff should not expect any testimonial use outside of that realm. Any compensation to a fact witness by Plaintiff in this case, except in compliance with the applicable ethics restrictions, would be improper.