UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-03-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                          PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & FAMILY SERVICES                                               INTERVENING PLAINTIFF

and

UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                       INTERVENING PLAINTIFF


v.                                              **OPINION & ORDER**



COOPER TIRE & RUBBER COMPANY                                                    DEFENDANT

\* \* \*\*\* \*\*\*\*\* \*

This matter is before the Court upon the motion [DE #155] of the plaintiff, Kim Logan, as legal guardian for James O. Gumm, for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on various affirmative defenses asserted by the defendant, Cooper Tire & Rubber Company ("Cooper Tire"). This motion is fully briefed and is ripe for review. For the reasons set forth below, the plaintiff's motion will be granted in part and denied in part.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a one-vehicle automobile accident which occurred on Interstate 64

in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck that he had purchased as a used vehicle in 2007. At that time, the vehicle had 137,464 miles on it. While he was driving westbound in the left lane, the left rear tire of his truck failed. The subject tire was manufactured by Cooper Tire in 2002, and had approximately 71,000 miles on it.

As a result of the tire failure, Gumm turned the wheel to the right and applied his brakes, forcing the truck off the right side of the interstate. The truck slammed into a rock wall, flipped over, and landed back on the roadway. Gumm was rendered a brain-injured quadriplegic as a result of the accident.

This products liability action was subsequently filed by the plaintiff, Kim Logan, Gumm's legal guardian, on January 4, 2010 [DE #1]. The plaintiff alleges that the tire on Gumm's truck failed as the result of a design defect resulting in tread belt separation. The plaintiff asserts various claims for strict liability, negligence, breach of implied and express warranties, and failure to warn of known and foreseeable risks. The plaintiff seeks to recover damages for personal injury, permanent impairment of earning capacity, past and future medical expenses, pain and suffering, and punitive damages. The Court has previously granted partial summary judgment to Cooper Tire on the plaintiff's claims for negligent marketing, negligent distribution, negligent testing, negligent inspection, failure to warn, breach of warranty, and punitive damages [DE ## 186, 195]. The plaintiff has filed this motion for partial summary judgment on several of Cooper Tire's affirmative defenses.

II.     **SUMMARY JUDGMENT STANDARD**

Rule 56(a) entitles a moving party to summary judgment if that party "shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c)(1) further instructs that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008). The moving party may meet this burden by demonstrating the absence of evidence concerning an essential element of the nonmovant's claim on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, it must produce specific facts showing that a genuine issue remains. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record in its entirety, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III. ANALYSIS

#### A. THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In response to the plaintiff's Complaint, Cooper Tire has asserted forty-one affirmative defenses which it claims shields it from liability. The plaintiff contends that Cooper Tire has failed to provide any evidence establishing the elements of the following affirmative defenses: Affirmative Defenses 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 22, 28, 30, 32, 33, 34, 38, 39, 40, and 41. Cooper Tire concedes that the following numbered defenses have been abandoned or should be dismissed: Affirmative Defenses 30, 32, 38 and 41. However, Cooper Tire objects to the plaintiff's motion with respect to the remaining affirmative defenses.

#### B. AFFIRMATIVE DEFENSES 7, 8, 9, 10 AND 11: INTERVENING OR SUPERSEDING CAUSE; NEGLIGENCE OF PARTIES OTHER THAN COOPER TIRE; MODIFICATION, ALTERATION, MISUSE AND ABUSE OF THE SUBJECT TIRE

The first group of Cooper Tire's affirmative defenses challenged by the plaintiff are intervening or superseding cause; negligence of parties other than Cooper Tire; and modification, alteration, misuse and abuse of the subject tire. Essentially, Cooper Tire contends that individuals or entities beyond its control caused or contributed to the tire failure and accident at issue. In support of her motion for partial summary judgment, the plaintiff argues that Cooper Tire has not come forward with any evidence in support of these defenses.

In its response, however, Cooper Tire has presented evidence that the tire failure was not caused by its manufacture or design. Instead, Cooper Tire has evidence that the subject tire and the companion tires were negligently maintained, and misused and abused in direct contravention of the warnings communicated by Cooper Tire. This is sufficient evidence to go forward on Cooper Tire's affirmative defense of superseding cause. *See Ulrich v. Kasco Abrasives Co.*, 532 S.W.2d 197, 201

(Ky. 1976) (owner's failure to maintain machinery in safe working condition may constitute a superseding cause so as to relieve the manufacturer of liability); *Strum, Roger & Co., Inc. v. Boyd*, 586 S.W.2d 19, 22 (Ky. 1979)(failure of gun owner to follow warnings and instructions was a superseding cause of bystander's injury).

Additionally, Cooper Tire has come forward with evidence that the accident at issue was not caused by tire failure. Specifically, Cooper Tire points to evidence that Gumm was distracted and impaired at the time of the accident. The investigating officer has testified that Gumm should have been able to control the vehicle despite the tire failure. Toxicology tests and medical reports indicate that Gumm may have ingested marijuana and oxycodone before the accident. Based on this evidence, Cooper Tire may argue that the accident was not caused by tire failure but by the distraction, impairment, and mistaken actions of Gumm. Accordingly, Cooper Tire has presented evidence sufficient to create issues of material fact as to the defenses raised by Cooper Tire in Affirmative Defenses 7, 8, 9, 10 and 11.

**C. AFFIRMATIVE DEFENSES 13, 14, 15, AND 28: COMPLIANCE WITH REGULATIONS**

The second group of affirmative defenses challenged by the plaintiff are Affirmative Defenses 13, 14, 15, and 28. Essentially, these affirmative defenses allege that the plaintiff's claims are preempted by federal legislation and regulations, including the National Traffic and Motor Vehicle Safety Act, and by applicable Federal Motor Vehicle Safety Standards. The plaintiff argues that her claims are not preempted by this legislation and regulations.

To the extent that Cooper Tire contends that the plaintiff's failure to warn claim is preempted by federal law, this argument is moot in light of the Court's Opinion & Order of June 21, 2011 dismissing the plaintiff's failure to warn claim [DE #195]. Additionally, Cooper Tire argues that

the fact that the design and manufacture of the subject tire met and exceeded all applicable federal tire performance regulations and industry standards weighs against the plaintiff's claim for punitive damages. However, by its Opinion & Order of June 10, 2011, the Court has dismissed the plaintiff's claim for punitive damages [DE #186].

Cooper Tire has failed to point to any authority which holds that the plaintiff's remaining claims are preempted by any federal authority. As the plaintiff points out, the National Traffic and Motor Vehicle Safety Act provides that its remedies are in addition to "other rights and remedies under other laws of the United States or a State." 49 U.S.C.§ 30103(d)(2000). Accordingly, the plaintiff is entitled to summary judgment on Cooper Tires preemption Affirmative Defenses 13, 14, 15, and 28.

### D. AFFIRMATIVE DEFENSES 16, 17, AND 18: ASSUMPTION OF THE RISK AND FAILURE TO WEAR SEAT BELT

Cooper Tire's Affirmative Defenses 16 and 17 allege assumption of the risk, and its Affirmative Defense 18 asserts that Gumm's failure to wear a seat belt at the time of the accident may have caused or contributed to the injuries sustained in the accident. Turning first to the assumption of the risk defenses, the plaintiff contends that she is entitled to partial summary judgment on these Affirmative Defenses because Kentucky courts abolished assumption of risk as a separate defense in *Parker v. Redden*, 421 S.W.2d 586, 590-93 (Ky. 1967). The Court agrees that the affirmative defense of assumption of the risk has been abolished in Kentucky and replaced with comparative negligence. *See* KRS 411.182. As a result, the plaintiff is entitled to summary judgment on Cooper Tire's Affirmative Defenses 16 and 17.

With respect to Cooper Tire's Affirmative Defense 18, failure to wear a seat belt, the plaintiff contends that Cooper Tire has failed to come forward with any evidence that Gumm's failure to wear

6

a seat belt caused or enhanced his particular injury. Under Kentucky law, the defendant cannot simply allege failure to wear a seat belt; rather, the defendant must come forward with evidence that the failure to wear a seat belt caused or enhanced the plaintiff's particular injury. *See Wemyss v. Coleman*, 729 S.W.2d 174, 181 (Ky. 1987). While Cooper Tire points to evidence of Gumm's distracted and impaired driving, it fails to point to any evidence in the record that Gumm's alleged failure to wear his seat belt caused or enhanced his injury. Accordingly, the plaintiff is entitled to summary judgment on Cooper Tire's Affirmative Defense 18 based upon Gumm's alleged failure to wear a seat belt.

### E. AFFIRMATIVE DEFENSES 19 AND 22: SETOFF

The plaintiff next challenges Cooper Tire's Affirmative Defense 19 which asserts Cooper Tire's right to a reduction of any dollar verdict which may be rendered in this case by credit for payments made to the plaintiff or other persons or entities, or by percentage reductions to which Cooper Tire would be entitled to as a result of jury findings against the plaintiff or persons other than Cooper Tire. The plaintiff also challenges Cooper Tire's Affirmative Defense 22 which asserts Cooper Tire's right to a set-off of any money paid to the plaintiff as compensation for any injuries sustained as a result of the accident. In her motion, the plaintiff contends that no payments of any kind have been made by Cooper to the plaintiff or other persons or entities on her behalf.

As Cooper Tire points out, however, to the extent that the plaintiff has received any funds in compensation for or relating to any injuries sustained in the accident at issue, she cannot recover these funds again based on KRS 304.39-060(2)(a). *See Saxe v. State Farm Mut. Auto Ins. Co.*, 955 S.W.2d 188 (Ky. App. 1997). Accordingly, the plaintiff's motion for summary judgment on Affirmative Defenses 19 and 22 will be denied.

7

  **F. AFFIRMATIVE DEFENSES 33 AND 34: THE ACCIDENT OCCURRED AFTER THE SUBJECT TIRE'S USEFUL LIFE EXPIRED AND KENTUCKY PRODUCT LIABILITY ACT DEFENSES**

  Cooper Tire's Affirmative Defense 33 asserts that the accident occurred after the subject tire's useful life expired. The plaintiff challenges this affirmative defense, arguing (1) that it is not a recognized defense under Kentucky product liability law; and (2) even if the defense existed, there is no evidence in support of this defense. The Court agrees that there is no such defense under Kentucky law. While KRS 411.310(1) provides a limited presumption that a product is not defective "if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture," Cooper Tire does not argue that Affirmative Defense 33 relies on this presumption. Moreover, Cooper Tire has failed to come forward with any evidence, other than conclusory statements, in support of this alleged defense. Accordingly, the plaintiff is entitled to summary judgment on Affirmative Defense 33.

  Cooper Tire's Affirmative Defense 34 asserts all defenses available to it under the Kentucky Product Liability Act ("KPLA"), KRS 411.300 *et seq.* The plaintiff contends that the affirmative defenses found in KPLA were repealed and superseded by the passage of Kentucky's comparative fault statute, KRS 411.182. In response, Cooper Tire only refers to KRS 411.310, which includes the limited presumption set forth above. Inasmuch as this presumption remains valid under Kentucky law, the plaintiff's motion for summary judgment on Affirmative Defense 34 is granted with respect to any repealed affirmative defenses, but denied as to the presumption contained in KRS 411.310(1).

  **G. AFFIRMATIVE DEFENSES 39 AND 40: PRESUMPTION UNDER KRS 411.130(1) AND (2)**

  In its Affirmative Defense 39, Cooper Tire asserts a defense based on the presumption

outlined in KRS 411.130(1), which provides that products are presumed not to be defective if the injury or property damages occurred "more than five years after the date of sale to the first consumer or more than eight years after the date of manufacture." KRS 411.130(1). Although the plaintiff challenges this defense, Cooper Tire has come forward with evidence that the tire was over six years old at the time of the accident. Accordingly, Cooper Tire is allowed to proceed with this affirmative defense, and the plaintiff's motion for summary judgment on Affirmative Defense 39 will be denied.

In its Affirmative Defense 40, Cooper Tire asserts a defense based on the presumption outlined in KRS 411.130(2), which provides that a product is presumed not to be defective "if the design, methods of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared and the product was manufactured." KRS 411.130(2). Cooper Tire has presented evidence that the design and manufacture of the subject tire met and exceeded all applicable federal tire performance regulations and industry standards in effect at the relevant time. Accordingly, the plaintiff is not entitled to summary judgment on Affirmative Defense 40.

### H. AFFIRMATIVE DEFENSES 30, 32, 38 AND 41

Cooper Tire concedes that Affirmative Defenses 30, 32, 38 and 41 are no longer applicable in light of the evidence adduced in this case. Accordingly, Cooper Tire concedes that summary judgment should be granted in favor of the plaintiff on these affirmative defenses.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for partial summary judgment [DE #155] is **GRANTED IN PART** to the extent that Cooper Tire's Affirmative Defenses 7, 8, 9 10, 11, 13, 14,

        15, 16, 17, 18, 28, 30, 32, 33, 34, 38 and 41 are **DISMISSED**;

(2)    the plaintiff's motion for partial summary judgment [DE #155] is **DENIED** as to the remaining affirmative defenses;

(3)    this action **REMAINS PENDING**.

This June 27, 2011.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge