UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KS

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                    PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                               INTERVENING PLAINTIFFS


v.                                    **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                DEFENDANT


\* \* \* \* \* \* \* \* \* \*


Currently before the Court is the motion in limine of the plaintiff, Kim Logan, as Legal

Guardian for James O. Gumm, Jr. ("Plaintiff"), to exclude the testimony of Trooper Aaron Brown

of the Kentucky State Police pursuant to *Daubert v. Merrell Dow Pharamaceuticals, Inc.*, 509 U.S.

579 (1993) and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), and Federal Rule of

Evidence 702.  This motion is fully briefed and is ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This products liability action arises out of a one-vehicle automobile accident which occurred

1

on Interstate 64 in Montgomery County, Kentucky on February 12, 2009.  At the time of the accident, Gumm was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed.  Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident.  This products liability action was subsequently filed by Plaintiff Kim Logan, Gumm's legal guardian, on January 4, 2010 against defendant, Cooper Tire & Rubber Company ("Cooper Tire"), the manufacturer of the failed tire.  [DE #1].

Trooper Brown is the Kentucky State Trooper who was called to the scene and investigated the accident.  Trooper Brown arrived at the scene within three minutes of receiving the accident report.  Based upon his observations after arriving at the scene, Trooper Brown felt that this was a "cut and dried" accident and did not believe that there was necessarily a need for an accident reconstructionist.  He was then assigned by the Kentucky State Police to investigate the accident, including to make a determination as to the cause of the accident.  Trooper Brown opined that Gumm's braking and steering in response to a catastrophic tire event caused the accident.  Trooper Brown also observed the presence of drug paraphernalia on the scene of the accident and concluded that there was probable cause to arrest Gumm for driving while impaired and for possessing illegal substances.

Notably, Trooper Brown has not been retained as an expert by either party.  However, Cooper Tire intends to call Trooper Brown to testify regarding his findings and conclusions relating to the causation of the accident, the condition of Gumm and Gumm's impairment.  Plaintiff seeks to exclude Trooper Brown's opinions related to the cause of the accident, "including any opinions regarding fault or the failure of [Gumm] to control his vehicle after the catastrophic failure of his left rear tire and any opinions regarding the cause of the failure of said tire."  According to Plaintiff,

2

Trooper Brown's testimony regarding the causation of the accident should be excluded because: (1) he is not qualified to render an opinion on the causation of the accident; (2) he did not use any established methodology in rendering his opinion; and (3) his opinion does not assist the trier of fact and improperly usurps the function of the jury.

## II.  RULE 702 AND THE SUPREME COURT'S HOLDINGS IN *DAUBERT* AND *KUMHO TIRE*

As amended in 2000, Rule 702 of the Federal Rules of Evidence states the requirements for admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Generally, this rule "should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 505, 516 (6th Cir. 1998).

"[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). As the Supreme Court stated in *Daubert*:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue.

*Id.* at 592-93. The proponent of expert testimony must prove by a preponderance of the evidence

3

that the testimony is reliable, not that it is scientifically correct. *Id*. at 593; Fed.R.Evid. 104(a).

In determining whether to admit or exclude proffered expert testimony, the court must act as a "gatekeeper" to ensure that the expert is duly qualified to render an expert opinion, that his testimony will assist the trier of fact, and that the proffered testimony is reliable. *Id*. However, the court's gatekeeper role under *Daubert* "is not intended to supplant the adversary system or the role of the jury." *Allison v. McGhan*, 184 F.3d 1300, 1311 (11th Cir. 1999). *See also United States v. 14.3 Acres of Land Situated in LeFloure County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996). (The Court is mindful that its "role as gatekeeper is not intended to serve as a replacement for the adversary system."). Rather, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence." *Daubert*, 509 U.S. at 596.

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court clarified that this "gatekeeper" function applies to all expert testimony, not just scientific testimony. *Id*. at 147 (explaining that Rule 702 makes "no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge. It makes clear that any such knowledge might become the subject of expert testimony"). The Supreme Court proceeded to provide the district courts with a checklist for assessing the reliability of expert testimony. This list of "specific factors" "neither necessarily nor exclusively applies to all experts or in every case." *Id*. at 141. Listed considerations include whether an expert's theory can be tested, "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," and "general acceptance." *Daubert*, 509 U.S. 593-94. Yet, the "list of factors was meant to be helpful, not definitive" and will vary from case to case. *Kumho Tire*, 526 U.S. at 151. *See also Daubert*, 509

U.S. at 594 ("The inquiry envisioned by Rule 702 is, we emphasize, a flexible one."). Thus, the trial court must use its discretion in determining whether reasonable criteria of reliability were used by a proffered expert and whether the proposed testimony meets those criteria. Nevertheless, "[t]he Rules' basic standard of relevance . . . is a liberal one." *Daubert*, 509 U.S. at 587, and the trial court's gatekeeping role does not permit it to reject admissible expert testimony.

In 2000, Rule 702 was amended in response to *Daubert* and cases applying it, such as *Kumho Tire*. It affirms the trial court's role as gatekeeper and provides general standards for the trial court to use to assess the reliability and helpfulness of proffered expert testimony. Advisory Committee Notes to Rule 702. In fact, the advisory comments to the 2000 amendments to Rule 702 noted that "[a] review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule." Advisory Committee Comments to the 2000 Amendments to Rule 702.

## III.    ANALYSIS

As the investigating officer, Trooper Brown may clearly provide relevant fact testimony regarding his first-hand observations at the scene of the accident, including the condition of the vehicle, the condition of the roadway, and Gumm's condition, as well as the presence of drug paraphernalia. However, Plaintiff argues that Trooper Brown may not offer any opinions or conclusions that he made as a result of his investigation and observation of the scene.

Plaintiff first attacks Trooper Brown's qualifications for rendering on opinion on the causation of the accident in this case. Trooper Brown has been employed with the Kentucky State Police since he graduated from the State Police Academy in November of 2000. At the State Police Academy, Trooper Brown received training in accident investigation. As a State Trooper, Trooper Brown responds to and investigates automobile accidents, including those involving injuries or

5

fatalities, on a regular basis.  Indeed, according to Trooper Brown, other agencies tend to defer to State Troopers with respect to accident investigation because State Troopers tend to use their accident investigation training regularly and, accordingly, feel more comfortable investigating accidents.  Trooper Brown has not received any training in the formal reconstruction of an accident and, accordingly, does not purport to be an accident reconstructionist.  Trooper Brown explains the distinction between accident investigation and accident reconstruction as follows: "The investigation is, is that you look at the evidence that's available and you draw from that what you believe was the series of accidents that occurred, the series of incidents that occurred that led to the incident.  The actual reconstruction would go into the taking of measurements and speed estimations, data impact from the vehicle, things of that nature."

The opinion of an investigating officer is admissible if the officer "qualifies by training or experience as an expert in accident investigation, if his opinion is based upon physical facts observed at the accident area, if those facts are disclosed to the jury, and if his opinion does not rest upon assumptions." *Norton v. Gordon Foods, Inc.*, 458 F.2d 1071, 1073 (6th Cir. 1972)(citations omitted). *See also Moore v. Wheeler*, 425 S.W.2d 541, 543-544 (Ky. 1968)(although simply being a member of the Kentucky State Police does not qualify a trooper to give opinion evidence as an expert, a trooper who had been a member of the force for six years, had investigated more than 450 accidents, had received special schooling on investigating traffic accidents, and who had been on the scene immediately after the accident was well qualified to give a knowledgeable opinion of what occurred and whether speed caused the accident).[1]

---

[1] Plaintiff's motion and reply cite extensively to Kentucky state law regarding the admissibility of expert testimony from investigating police officers.  Although these cases may be informative to the extent that they involve similar facts, the Court notes that "[t]he

In this case, Trooper Brown not only has had specific training in accident investigation but has also had over ten years of experience in regularly investigating accidents for the Kentucky State Police.  In addition, in his years of experience as a State Trooper, Trooper Brown has had specific experience assisting several motorists who have experienced tire tread separation or a catastrophic tire failure.  He has also spent significant time monitoring traffic on the particular stretch of Interstate 64 where the accident occurred and, accordingly, is familiar with the flow of traffic on this particular road.

The Advisory Committee Note to Rule 702 provides that if an expert relies on practical experience in the field, "then the witness must explain how that experience leads to the conclusion reached."  *Advisory Committee Note*, Fed.R.Civ.P. 702.  In his deposition, Trooper Brown has clearly explained how his years of experience as a State Trooper investigating accidents has given him insight into the typical steering reactions of drivers in emergency situations, particularly those involving tire separation or tire failure incidents.  Moreover, his opinions are supported by the analysis of relevant evidence, including the physical facts that Trooper Brown personally observed at the accident scene.

Given Trooper Brown's significant experience and training in accident investigations, including his experience in assisting motorists who have experienced tire tread separation or catastrophic tire failure, and the fact that his opinions in this case are based on his inspection of the accident scene immediately after the accident, the Court finds that Trooper Brown's opinions will assist the trier of fact and they are reliable.  Accordingly, Trooper Brown is qualified to testify as an

---

admissibility of expert testimony is a matter of federal, rather than state, procedure. Therefore, whether an expert should be permitted to testify is controlled by federal law." *Brooks v. American Broadcasting Cos., Inc.*, 999 F.2d 167, 173 (6th Cir. 1993).

expert regarding his opinions that he formed as a result of his investigation of Gumm's accident. *See Bush v. Michelin Tire Corp.*, 963 F.Supp. 1436, 1443 (W.D.Ky. 1996)("Experience is sufficient to establish expertise.  The key issue in deciding expertise is whether the expert has sufficient experience regarding the opinion to which he will testify.")(citations omitted).

Plaintiff argues that Trooper Brown is unqualified to render an expert on causation because: (1) he does not have a background in accident reconstruction; and (2) he has never investigated a tread separation or tire failure incident resulting in a personal injury or as severe as that involved in this case.  However, the Sixth Circuit has specifically noted that "[r]equiring such specialization thwarts our goals and purposes of the Federal Rules" and their "general approach of relaxing the traditional barriers to opinion testimony." *Laski v. Bellwood*, 132 F.3d 33 (Table), 1997 WL 764416 at *3 (6th Cir., Nov. 26, 1997)(unpublished)(district court decision to restrict plaintiff's medical experts from testifying concerning the cause of plaintiff's back injury because those witnesses were "only" medical specialists and not experts in biomechanics or accident reconstruction was erroneous)(citations omitted).  Although an expert witness' field of expertise could be more germane to the ultimate inquiry in a lawsuit, this does not necessarily preclude that witness from being able to satisfy the threshold requirements of relevance and reliability of expert testimony required by the Federal Rules.  *Id*. at *4.  "The Federal Rules of Evidence do not mandate that litigants offer only the best, the most relevant, and the most reliable expert witnesses at trial." *Id*.  Indeed, "[a]ny lack of specialized training goes only to the weight, not to the competency, of the evidence." *Tapp v. Owensboro Medical Health System, Inc.*, 282 S.W.3d 336, 339 (Ky. Ct. App., 2009).  Moreover, the Court notes that, from its review of the limited testimony provided by the parties, it appears that Trooper Brown is very well aware of his limitations as an expert and that he is not an accident

8

reconstructionist, nor does he purport to testify as one.  However, the fact that Trooper Brown is not a reconstructionist does not mean that he is not qualified as an expert in the field in which he does have extensive experience and training - accident investigation.

Similarly, Trooper Brown has significant experience assisting motorists in situations involving tire separation or tire failure.  Thus, he is qualified to offer his opinion on this issue, by virtue of his specialized knowledge, skill and experience in handling these tire incidents.  The fact that these incidents did not result in severe physical injuries, as is the case here, is not disqualifying.  Rather, any purported "weaknesses" in Trooper Brown's background may go to the weight and credibility of his testimony, not its admissibility, and Plaintiff's counsel may cross-examine him in this regard.  *First Tennessee Bank N.A. v. Barretto*, 268 F.3d 319, 333 (6th Cir. 2001).

Next, Plaintiff argues that Trooper Brown did not use any established methodology in rendering his opinion.  Plaintiff criticizes Trooper Brown's opinion as being the "product of speculation based on personal experience" and that his methodology has not been subjected to peer review and publication.  However, when assessing the reliability of a non-scientific expert such as Trooper Brown, the *Daubert* factors, including whether a theory or technique has been subjected to peer review and publication, may or may not be pertinent "depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."  *Kumho Tire Co.*, 526 U.S. at 150. *Kumho Tire* made clear that the Court's gatekeeper analysis under Rule 702 and *Daubert* is intended to be a flexible one.  *Id*.  Where, as here, an expert is testifying based on his personal experience, it is not unusual that the expert's techniques have not been published or subjected to peer review. However, if other indicia of reliability are present, the fact that the expert's opinions "may not have been subjected to the crucible of peer review, or that their validity has not been confirmed through

9

empirical analysis, does not render them unreliable and inadmissible." *First Tennessee Bank N.A.*, 268 F.3d at 334.  Here, Trooper Brown's opinions are based on his significant experience and training in accident investigations, including his experience in assisting motorists who have experienced tire tread separation or catastrophic tire failure, as well as his personal inspection of the accident scene immediately after the accident.  In addition, Trooper Brown has not been retained by either party and, therefore, may be considered more of an "independent" witness.  Thus, the Court finds that Trooper Brown's opinions are reliable.

Finally, Plaintiff argues that Trooper Brown's opinion does not assist the trier of fact and improperly usurps the function of the jury.  Specifically, Plaintiff argues that Trooper Brown's testimony as to the causation of the accident conclusively fixes negligence to a party and that Trooper Brown is not qualified to render an opinion regarding the causation of the accident because of his lack of experience.

It is true that an expert cannot provide testimony amounting to a legal conclusion, as "[i]t is not for the witnesses to instruct the jury as to the applicable principles of law, but for the judge." *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984)(quoting *Marx & Co., Inc. v. Diner's Club*, 550 F.2d 505, 509-510 (2d Cir.) *cert. denied* 434 U.S. 861 (1977)).  Thus, for example, testimony stating to a jury that certain behavior amounts to negligence under the law is inadmissible.  *Shahid v. City of Detroit*, 889 F.2d 1543, 1547-1548 (6th Cir. 1989).  However, under Rule 704 of the Federal Rules of Evidence, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  Fed. R. Evid. 704.  *See also Woods v. Lecureux*, 110 F.3d 1215, 1219 (6th Cir. 1997)("Rule 704 removes the general proscription against opinions on 'ultimate issues' and shifts the focus to whether the

10

testimony is 'otherwise admissible.'")(citations omitted).

Although Trooper Brown may not be able to testify at trial that either party's behavior amounts to negligence under the law, this does not provide a basis for striking Trooper Brown's testimony altogether. Moreover, based upon the Court's review of the limited deposition testimony provided to it by the parties, it does not appear that Trooper Brown's testimony "conclusively fixes" negligence to either party. Rather, Trooper Brown opines that the accident was caused by Gumm's braking and steering in response to a catastrophic tire event of unknown origin. Indeed, Trooper Brown's testimony appears to leave open the possibility of negligence by both parties. Regardless, as noted above, Trooper Brown has significant experience in accident investigation, as well as in assisting motorists who have experience tire separations or tire failures. Moreover, Trooper Brown's conclusions are based upon his personal observations after immediately responding to the scene of the accident. Accordingly, his testimony is helpful to the jury and does not usurp the jury's function. Because Trooper Brown's testimony is "otherwise admissible," it is not objectionable, even if it does somehow embrace an "ultimate issue" to be determined by the jury.

In conclusion, a review of Trooper Brown's deposition reveals he personally reviewed the relevant physical evidence at the scene of the accident. This review, coupled with his practical field experience, fully satisfies the requirements of *Daubert* and Rule 702. Accordingly, Plaintiff's motion in limine to exclude the testimony of Kentucky State Police Trooper Aaron Brown [DE # 191] is hereby **DENIED**.

This 29th July, 2011.



**Signed By:**

**_Karl S. Forester_** $K S F$

**United States Senior Judge**