UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                               PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                        INTERVENING PLAINTIFFS


v.                                       **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion in limine of the plaintiff, Kim Logan, as Legal Guardian for James O. Gumm, Jr., to exclude the testimony of the defendant's proposed expert, Geoffrey J. Germane, Ph.D., pursuant to *Daubert v. Merrell Dow Pharamaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), and Federal Rule of Evidence 702.  This motion is fully briefed and is ripe for review.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This products liability action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009.  At the time of the

accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed. Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident. This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 against Cooper Tire and Rubber Company ("Cooper Tire"), the manufacturer of the failed tire. [DE #1].

The Cooper Tire intends to call Geoffrey J. Germane as an accident reconstruction expert. The plaintiff seeks to exclude certain opinions of Dr. Germane as outside the boundaries of his expertise and as unhelpful to the trier of fact. Specifically, the plaintiff seeks to exclude Dr. Germane's opinions related to the following: (1) the speed of the vehicle; (2) the size of the tires; (3) driver error; and (4) driver impairment.

## II. RULE 702 AND THE SUPREME COURT'S HOLDINGS IN *DAUBERT* AND *KUMHO TIRE*

As amended in 2000, Rule 702 of the Federal Rules of Evidence states the requirements for admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Generally, this rule "should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 505, 516 (6th Cir. 1998).

"[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). As the Supreme Court stated in *Daubert*:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue.

*Id*. at 592-93. The proponent of expert testimony must prove by a preponderance of the evidence that the testimony is reliable, not that it is scientifically correct. *Id*. at 593; Fed.R.Evid. 104(a).

In determining whether to admit or exclude proffered expert testimony, the court must act as a "gatekeeper" to ensure that the expert is duly qualified to render an expert opinion, that his testimony will assist the trier of fact, and that the proffered testimony is reliable. *Id*. However, the court's gatekeeper role under *Daubert* "is not intended to supplant the adversary system or the role of the jury." *Allison v. McGhan*, 184 F.3d 1300, 1311 (11th Cir. 1999). *See also United States v. 14.3 Acres of Land Situated in LeFloure County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996). (The Court is mindful that its "role as gatekeeper is not intended to serve as a replacement for the adversary system.") Rather, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence." *Daubert*, 509 U.S. at 596.

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court clarified that this "gatekeeper" function applies to all expert testimony, not just scientific testimony. *Id*. at 147 (explaining that Rule 702 makes "no relevant distinction between 'scientific' knowledge and

3

'technical' or 'other specialized' knowledge. It makes clear that any such knowledge might become the subject of expert testimony"). The Supreme Court proceeded to provide the district courts with a checklist for assessing the reliability of expert testimony. This list of "specific factors" "neither necessarily nor exclusively applies to all experts or in every case." *Id*. at 141. Listed considerations include whether an expert's theory can be tested, "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," and "general acceptance." *Daubert*, 509 U.S. 593-94. Yet, the "list of factors was meant to be helpful, not definitive" and will vary from case to case. *Kumho Tire*, 526 U.S. at 151. *See also Daubert*, 509 U.S. at 594 ("The inquiry envisioned by Rule 702 is, we emphasize, a flexible one.") Thus, the trial court must use its discretion in determining whether reasonable criteria of reliability were used by a proffered expert and whether the proposed testimony meets those criteria. Nevertheless, "[t]he Rules' basic standard of relevance . . . is a liberal one." *Daubert*, 509 U.S. at 587, and the trial court's gatekeeping role does not permit it to reject admissible expert testimony.

In 2000, Rule 702 was amended in response to *Daubert* and cases applying it, such as *Kumho Tire*. It affirms the trial court's role as gatekeeper and provides general standards for the trial court to use to assess the reliability and helpfulness of proffered expert testimony. Advisory Committee Notes to Rule 702. In fact, the advisory comments to the 2000 amendments to Rule 702 noted that "[a] review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule." Advisory Committee Comments to the 2000 Amendments to Rule 702.

**III.    ANALYSIS**

Cooper Tire's expert, Geoffrey J. Germane, is a licensed mechanical engineer. While currently self-employed as an accident reconstructionist, he previously served as Chair of the

Department of Mechanical Engineering at Brigham Young University. He is a member of many honor societies and has been published in the fields of engineering and automotive accident reconstruction. He is qualified to render his opinion in this case based on his accident reconstruction.

The Court now turns to whether Dr. Germane's opinions will assist the trier of fact and whether they are reliable. Dr. Germane's opinions in this case are based on his inspection of the accident scene, his review of the physical evidence from the date of the accident, his review of the testimony of witnesses with information relevant to the accident sequence, and applicable academic and testing literature. The plaintiff first contends that the Court should exclude Dr. Germane's opinions regarding the vehicle's speed because he allegedly cannot testify that "*but for* [Gumm's] speed the incident would not have occurred" [DE #192, p.4]. However, there is no authority for the plaintiff's proposition. The fact that Dr. Germane cannot testify that one factor, speed, did not solely cause the accident does not preclude him from opining that it played a role in the accident. In fact, the plaintiff's own expert accident reconstructionist, Micky Gilbert, does not dispute that speed was a factor in the accident. Dr. Germane has applied his background, experience, education and training in the area of crash reconstruction, vehicle dynamics, occupant kinematics, and design analysis to develop calculations about the speed of Gumm's vehicle during various points in the accident. His opinions about speed are reliable and relevant to the jury's analysis of this case.

Next, the plaintiff contends that the Court should exclude Dr. Germane's opinion that the tires on Gumm's vehicle on the date of the accident were not the appropriate size for the vehicle. Just as the plaintiff argued with regard to the vehicle's speed, the plaintiff argues that because Dr. Germane does not opine that the wrong size tires alone caused the accident, his opinion is not

relevant or reliable.  Again, the plaintiff fails to point to any authority for the proposition that an expert must opine as to only one cause of an accident.  Dr. Germane's opinions about the size of the tires are reliable and relevant to the jury's analysis of this case.

The plaintiff also contends that the Court should exclude Dr. Germane's opinions regarding driver error, or "excessive steering inputs."  According to the plaintiff, Dr. Germane's opinion is speculative and cannot be tested.  Additionally, the plaintiff argues that the Court cannot evaluate the extent to which Dr. Germane's methodology has been subjected to peer review and publication because he used no identifiable methodology in reaching his conclusions about driving steering inputs.  The plaintiff contends that Dr. Germane merely claims that the steering inputs were excessive, but made no objective findings about what steering inputs were made, the factors in the driver's response, or what the correct steering input should have been.

However, a review of Dr. Germane's report and deposition reveal that he used basically the same core reconstruction methodology as Cooper Tire's expert, Micky Gilbert.  As a qualified, licensed engineer, Dr. Germane has applied engineering principles and physics to the evidence in this case to conclude that Gumm's steering input caused the vehicle to leave the roadway and crash.  Thus, his opinion is reliable and relevant to the jury's analysis of this case.

Lastly, the plaintiff contends that Dr. Germane's opinions about driver impairment should be excluded because he is not qualified as a human factors expert.  In response, Cooper Tire notes that Dr. Germane will not testify at trial that he has made any judgment as to Gumm's impairment.  The Court agrees that Dr. Germane, an engineer, is not qualified to determine whether or not Gumm was impaired at the time of the accident.  He is however, entitled to rely on the opinion of other experts as to Gumm's level of impairment.  Indeed, Dr. Germane has reviewed the toxicology report

prepared by Bruce Goldberger, Ph.D. and the testimony of Trooper Aaron Brown who are expected to testify as to Gumm's impairment at the time of the accident. Under Rule 703, an expert is entitled to rely on the reports and opinions of other experts where those reports are of a type reasonably relied upon by experts in the particular field. *See* Fed.R.Evid. 703. Certainly, an accident reconstruction expert could reasonably rely on a report from a toxicologist as to a driver's level of impairment. Accordingly, Dr. Germane's opinions that illegal drug use and distracted driving were a factor in Gumm's ability to control the vehicle are reliable and relevant to the jury's analysis of this case.

In conclusion, a review of Dr. Germane's deposition and his expert report reveals he has reviewed the relevant physical evidence, conducted testing on general engineering principles, and reviewed relevant third-party literature and studies. This review, coupled with his practical field experience and reliance on other experts, fully satisfies the requirements of *Daubert* and Rule 702. Accordingly, the plaintiff's motion in limine to exclude the testimony of Geoffrey J. Germane, Ph.D. [DE # 192] is hereby **DENIED**.

This July 29, 2011.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge