UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                                    PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                            INTERVENING PLAINTIFFS


v.                                        **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion in limine of the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), to exclude the testimony of the plaintiff's proposed expert, Micky Gilbert, pursuant to *Daubert v. Merrell Dow Pharamaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), and Federal Rule of Evidence 702. This motion is fully briefed and is ripe for review.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

This products liability action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009. At the time of the

accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed. Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident. This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 against Cooper Tire, the manufacturer of the failed tire. [DE #1].

The plaintiff intends to call Micky Gilbert as an accident reconstruction expert. While Cooper Tire does not dispute Gilbert's qualifications to reconstruct the accident at issue, it does seek to exclude Gilbert's opinions related to the following: (1) the controllability of the vehicle; (2) the reasonableness of Gumm's actions; and (3) the cause of the accident. According to Cooper Tire, Gilbert's opinions are based on testing of dissimilar, allegedly defective vehicles in turns that are different from the turns made by Gumm in the accident at issue, or on his "observations" when working as a driving instructor giving him a "sense" he has developed about driving behavior. Cooper Tire argues that any opinions based on this testing or his "sense" should be excluded because they are not reliable and do not meet the legal standard to be admissible at trial.

II.  **RULE 702 AND THE SUPREME COURT'S HOLDINGS IN *DAUBERT* AND *KUMHO TIRE***

As amended in 2000, Rule 702 of the Federal Rules of Evidence states the requirements for admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Generally, this rule "should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 505, 516 (6th Cir. 1998).

"[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). As the Supreme Court stated in *Daubert*:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue.

*Id*. at 592-93. The proponent of expert testimony must prove by a preponderance of the evidence that the testimony is reliable, not that it is scientifically correct. *Id*. at 593; Fed.R.Evid. 104(a).

In determining whether to admit or exclude proffered expert testimony, the court must act as a "gatekeeper" to ensure that the expert is duly qualified to render an expert opinion, that his testimony will assist the trier of fact, and that the proffered testimony is reliable. *Id*. However, the court's gatekeeper role under *Daubert* "is not intended to supplant the adversary system or the role of the jury." *Allison v. McGhan*, 184 F.3d 1300, 1311 (11th Cir. 1999). *See also United States v. 14.3 Acres of Land Situated in LeFloure County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996) (The Court is mindful that its "role as gatekeeper is not intended to serve as a replacement for the adversary system."). Rather, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence." *Daubert*, 509 U.S. at 596.

3

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court clarified that this "gatekeeper" function applies to all expert testimony, not just scientific testimony. *Id*. at 147 (explaining that Rule 702 makes "no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge. It makes clear that any such knowledge might become the subject of expert testimony"). The Supreme Court proceeded to provide the district courts with a checklist for assessing the reliability of expert testimony. This list of "specific factors" "neither necessarily nor exclusively applies to all experts or in every case." *Id*. at 141. Listed considerations include whether an expert's theory can be tested, "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," and "general acceptance." *Daubert*, 509 U.S. 593-94. Yet, the "list of factors was meant to be helpful, not definitive" and will vary from case to case. *Kumho Tire*, 526 U.S. at 151. *See also Daubert*, 509 U.S. at 594 ("The inquiry envisioned by Rule 702 is, we emphasize, a flexible one."). Thus, the trial court must use its discretion in determining whether reasonable criteria of reliability were used by a proffered expert and whether the proposed testimony meets those criteria. Nevertheless, "[t]he Rules' basic standard of relevance . . . is a liberal one." *Daubert*, 509 U.S. at 587, and the trial court's gatekeeping role does not permit it to reject admissible expert testimony.

In 2000, Rule 702 was amended in response to *Daubert* and cases applying it, such as *Kumho Tire*. It affirms the trial court's role as gatekeeper and provides general standards for the trial court to use to assess the reliability and helpfulness of proffered expert testimony. Advisory Committee Notes to Rule 702. In fact, the advisory comments to the 2000 amendments to Rule 702 noted that "[a] review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule." Advisory Committee Comments to the 2000 Amendments to Rule 702.

**III.  ANALYSIS**

The plaintiff's expert, Micky Gilbert, is a licensed mechanical engineer.  There is no dispute that Gilbert is a qualified accident reconstructionist.  He has published many peer-reviewed papers focused on traction issues, roll-over events, and yaw stability of vehicles during limit handling maneuvers.  He has also taught classes and given presentations on accident reconstruction to attorneys, insurance adjusters, engineers and police officers   He has testified numerous times in cases involving tread separation accidents on pickup trucks.  As a result, he is qualified to render an opinion in this case.

The Court now turns to whether Gilbert's opinions will assist the trier of fact and whether they are reliable.  Gilbert's opinions in this case are based on his inspection of the accident scene and his review of the police report and photographs.  Additionally, Gilbert has also relied in part on tread separation testing he has previously conducted on the following vehicles: a 1998 Ford Explorer, a 2001 Mercury Mountaineer, a 1992 Chevy Cavalier, and a 2002 Volvo S80.  The objective of this testing was "to measure how the vehicle handles with four good tires; and then second, with - with one failed tire at one corner of the vehicle, and to measure with instruments the difference in handling properties for the vehicle at a limit-type situation."  Cooper Tire contends that the Court should exclude Gilbert's opinions based on these tests because the tests involved different vehicles and tires and were not "substantially similar" to the Gumm vehicle or the accident at issue.

However, as the plaintiff points out, Gilbert is not applying these tests as a "simulation" or "recreation" of the accident at issue here.  Rather, the results of the test are used by Gilbert to demonstrate "general scientific principles."  As a result, there is no requirement that the tests be substantially similar. *Muth v. Ford Motor Co.*, 461 F.3d 557, 566 (5th Cir. 2006)(holding "[w]hen

the demonstrative evidence is offered only as an illustration of general scientific principles, not as a reenactment of disputed events, it need not pass the substantial similarity test.").

The fact that the testing did not include a pickup truck or tires the size involved in this accident also does not justify excluding Gilbert's opinions. Gilbert has explained that the difference between a pickup truck and the vehicles tested was irrelevant for the tread separation testing. Moreover, Cooper Tire's own tire expert, Geoff Germane, has agreed that the size of the tires had no effect on the driver's steering input. Any difference between the testing variables and the accident at issue here can be fleshed out during cross examination, but does not justify excluding any of Gilbert's opinions based on these test results.

Nor does the fact that Gilbert has based his opinions on his experience as a driving instructor justify excluding his testimony. As an expert with practical experience, Gilbert is entitled to rely on his experience in his field of driving instruction. In fact, the Advisory Committee Note to Rule 702 provides that if an expert relies on practical experience in the field, "then the witness must explain how that experience leads to the conclusion reached." *Advisory Committee Note*, Fed.R.Civ.P. 702. In his deposition, Gilbert has clearly explained how his years of experience as a driving instructor have given him insight into the typical steering reactions of drivers in emergency situations. Moreover, his opinions are supported by the analysis of relevant evidence, investigation of the accident scene, consultation of peer-reviewed literature on tread separation, and his own testing on multiple vehicle types.

In conclusion, a review of Gilbert's deposition and his expert report reveals he has reviewed the relevant physical evidence, conducted testing on general engineering principles, and reviewed relevant third-party literature and studies. This review, coupled with his practical field experience,

fully satisfies the requirements of *Daubert* and Rule 702. Accordingly, Cooper Tire's motion in limine to exclude the testimony of Micky Gilbert [DE # 190] is hereby **DENIED**.

This July 29, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge