UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KS

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                    PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                              INTERVENING PLAINTIFFS


v.                                            **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

     Currently before the Court is the motion in limine of the plaintiff, Kim Logan, as Legal Guardian for James O. Gumm, Jr. ("Plaintiff"), to exclude any reference to Gumm's history of drug use, any photographs purporting to show drug paraphernalia among the debris scattered from Gumm's truck after the accident at issue, any testimony or reference to syringes, or any reference to Gumm's legal use of Percocet [DE #208, ¶ 19, 20, 21], pursuant to Federal Rule of Evidence 403. This motion is fully briefed and is ripe for review.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This products liability action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed. Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident. This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 against Cooper Tire and Rubber Company ("Cooper Tire"), the manufacturer of the failed tire. [DE #1].

At trial, Cooper Tire intends to introduce evidence of Gumm's drug use and impairment at the time of the accident. Gumm has a history of drug use, particularly of abusing oxycodone by injecting it directly into his bloodstream. Specifically, notes in Gumm's medical records ten days before the accident indicate that Gumm has an admitted history of IV drug abuse, he shoots up several times a day, every day, and Gumm's "drug of choice" was OxyContin. Ten days before the accident, Gumm was given a valid prescription for Percocet for a condition known as "shooter's abscess," which is caused by abuse of oxycodone through repeated intravenous injection. Toxicology tests confirmed the presence of THC (a marijuana metabolite), oxycodone, and oxymorphone in his urine at the time of the accident. Liquid-filled syringes were found at the scene of the accident, and other drug paraphernalia was found on his person at the hospital. In addition, Gumm's pupils were constricted after the accident, which is a sign of opioid impairment.

Plaintiff seeks to exclude this evidence of Gumm's drug use and impairment on the grounds that it is irrelevant and unfairly prejudicial.

## II. STANDARDS

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court discussed the admissibility of evidence as follows:

> Rule 402 provides the baseline:
>
>> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
>
> "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. The Rule's basic standard of relevance thus is a liberal one.

*Id.* at 587. Many years ago, the Sixth Circuit recognized that a court should not "deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere...." *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

However, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Federal courts have held that Rule 403 is an extraordinary remedy and carries a strong presumption in favor of admissibility. *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). In *In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Sixth Circuit noted:

> Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account.

3

*Id.* at 538. "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)

## III. ANALYSIS

While the plaintiff seeks to exclude any evidence of Gumm's prior drug abuse, this evidence is relevant and admissible. It is illegal under Kentucky law to operate a motor vehicle anywhere while driving under the influence of any "substance or combination of substances which impairs one's driving." KRS 189A.010(c). Plaintiff argues that Gumm had a valid prescription for Percocet and that the Percocet, which contains oxycodone, could have caused the positive urine screen. However, even if Gumm consumed Percocet pursuant to a valid prescription, that does not absolve him from fault for driving while impaired.

Under Kentucky law, an apportionment instruction is required in all tort cases involving the fault of more than one party. KRS § 411.182; *see Smith v. Toyota Motor Corp.*, 2004 WL 1595200 at **2 (6th Cir., July 14, 2004). Applying Kentucky's comparative fault statute, the Sixth Circuit has held that evidence of alcohol consumption by the plaintiff on the day of the accident is admissible in a products liability case. *Id*. at **4 ("The evidence of [plaintiff's] drinking has probative value under Kentucky law, which requires the trier of fact to consider fully 'the nature of the conduct of each party at fault.'")(quoting KRS § 411.182(2)). *See also Grimes v. Mazda North American Operations*, 355 F.3d 566, 573 (6th Cir. 2004). Thus, any evidence of Gumm's drug usage on the day of the accident, and any other evidence regarding whether Gumm was impaired at the time of the accident, is relevant and admissible inasmuch as it goes directly to Gumm's comparative fault. Any prejudicial effect of references to Gumm's previous use and/or abuse of prescription or illegal

4

drugs does not substantially outweigh the probative value of the evidence establishing Gumm's impairment. *See* Fed.R.Evid. 403.

Accordingly, for the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

1. Plaintiff's motion in limine to exclude any reference to Gumm's history of drug use, any photographs purporting to show drug paraphernalia among the debris scattered from Gumm's truck after the accident at issue, any testimony or reference to syringes, or any reference to Gumm's legal use of Percocet [DE #208, ¶ 19, 20, 21] is **DENIED**;

2. Plaintiff's motion in limine [#208] remains pending as to the paragraphs not referenced herein.

This August 3, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**