UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                        PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                      INTERVENING PLAINTIFFS


v.                                        **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion in limine [DE #203/204] of the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), to preclude evidence relating to missing or spoliated evidence and for a jury instruction on missing or spoliated evidence. This motion is fully briefed and is ripe for review. For the reasons set forth below, Cooper Tire's motion will be granted in part and denied in part.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left

rear tire of his truck failed. Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident. This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 against Cooper Tire and Rubber Company ("Cooper Tire"), the manufacturer of the failed tire. [DE #1].

Cooper Tire has filed this motion in limine based on the fact that the companion wheel and other items relating to the accident are now missing. Photographs from the accident scene on February 12, 2009 show the wheel. The vehicle, along with the wheel, was subsequently moved to a salvage lot in Lexington, Kentucky by Safe Auto Insurance Company, the legal possessor of the vehicle. On February 21, 2009, Kim Logan photographed the vehicle and these photographs also show the wheel. On February 27, 2009, the vehicle was photographed by an investigator with Safe Auto Insurance. The photographs indicate that the vehicle had been relocated on the salvage lot and the wheel is not visible in these photographs.

On April 29, 2009, Logan contacted Richard Melton of the Newsome Law Office to discuss the possibility of filing a lawsuit. Although Logan did not retain the Newsome Law Office at the time, Melton sent a spoliation letter to Safe Auto on April 29, 2009, requesting that the vehicle and its components be preserved. The vehicle and its components remained at a salvage lot in Lexington, Kentucky until June 29, 2009, when it was mistakenly sold for parts and moved off the lot. On July 30, 2009, an investigator working for Melton went to the vehicle's new location, Moyer Auto Salvage Yard, to confirm the vehicle's location. At that time, he discovered the subject wheel and engine were no longer with the vehicle. On August 10, 2009, Logan retained the Newsome Law Firm, who then purchased the vehicle and moved it to storage. On October 14, 2009, she was appointed guardian for Gumm and began acting with legal authority for him. Cooper Tire was not notified of the accident until the plaintiff's complaint was filed on January 4, 2010, approximately

five months after the plaintiff learned that the wheel was missing.

In addition to the missing wheel and engine, Cooper Tire also complains that other evidence is missing. For example, the Chevrolet Owner's Manual is missing, and the plaintiff has never produced the vehicle title, registration, and insurance information. Finally, Cooper Tire complains that the plaintiff failed to maintain or measure the air pressure in the companion front tires at the time of the accident.

Cooper Tire contends that the plaintiff knew the vehicle and its contents would be relevant to litigation, perhaps as early as late February 2009, but certainly by April 28, 2009 when she contacted an attorney. This knowledge, according to Cooper Tire, triggered a duty to preserve and not destroy evidence. According to Cooper Tire, this evidence is relevant to Cooper Tire's defense that the subject tire failed for reasons unrelated to a defect. Cooper Tire thus seeks to preclude the plaintiff from referring to, commenting on, or otherwise attempting to introduce at trial any evidence which the plaintiff has not properly preserved. Additionally, Cooper Tire seeks a jury instruction on missing or spoliated evidence. While the plaintiff does not appear to oppose Cooper Tire's motion in limine to preclude evidence related to the missing items, the plaintiff does oppose a jury instruction on missing or spoliated evidence.

## II.   ANALYSIS

Because the plaintiff does not object to Cooper Tire's motion in limine to preclude evidence related to the missing items, the Court will grant Cooper Tire's motion. The parties do disagree on whether or not a jury instruction on missing or spoliated evidence is justified in this case. Cooper Tire argues that based on Kentucky's law on spoliation, it is entitled to a spoliation instruction. Until the Sixth Circuit's decision in *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009), courts in the Sixth Circuit had a policy of applying the substantive law of the forum state as it pertained to exclusion

of evidence based on spoliation of evidence. *See Welsh v. United States*, 844 F.2d 1239, 1245 (6th Cir. 1988), *overruled by Adkins*. *Adkins*, however, overruled the *Welsh* line of cases and held that in cases litigated in federal court, federal law governs the issue of whether evidence should be excluded based on spoliation. *Adkins*, 554 F.3d at 651. *Adkins* also granted district courts "broad discretion in crafting a proper sanction for spoliation." *Adkins*, 554 F.3d at 652.

In order to be entitled to an instruction on spoliation, the party seeking the adverse inference instruction must establish the following: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the [evidence] was destroyed 'with a culpable state of mind;' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Beaven v. U.S. Dept. Of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2nd Cir. 2002). Even assuming, *arguendo*, that the first and third prongs are met, Cooper Tire has failed to demonstrate a culpable state of mind.

A culpable state of mind can result if a party destroys evidence that the party "should have known . . . may be relevant to future litigation," if the evidence is destroyed "knowingly, even if without intent to breach a duty to preserve it, or negligently." *Beaven*, 622 U.S. at 553. Here, however, there is simply no culpable state of mind. The plaintiff, even before being appointed as Legal Guardian for Gumm, acted as a reasonable person in photographing the vehicle at the salvage yard in February 2009 and in contacting an attorney and ultimately being appointed as his legal guardian. At that time, the vehicle was in the legal possession of Safe Auto, and she had no authority or responsibility to take any action at all. The law firm contacted by the plaintiff on April 28, 2009 took reasonable steps to ensure that the legal possessors of the vehicle maintained its integrity by issuing the litigation hold letter on April 29, 2009. The fact that Safe Auto mistakenly sold the

vehicle for parts cannot be attributed to the plaintiff or her counsel. Accordingly, Cooper Tire is not entitled to a spoliation instruction based on the missing wheel, engine, and other items.

Additionally, to the extent that Cooper Tire contends that it is entitled to a spoliation instruction based on the missing owner's manual, spare tire, vehicle title, registration, and insurance information, Cooper Tire has failed to show how this evidence is relevant to its claims in this case. Finally, the Court refuses to impose any affirmative duty on the plaintiff, a person with no authority over the vehicle until she was appointed guardian in October 2009, or Gumm, an incapacitated individual, to measure the air pressure in the companion front tires at the time of the accident. Cooper Tire has not cited any authority which would justify a spoliation instruction based on these facts.

### III.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   Cooper Tire's motion in limine to preclude evidence relating to missing or spoliated evidence [DE #203/204] is **GRANTED**;

(2)   the plaintiff, her attorneys, and all witnesses are prohibited from referring to, commenting on, or otherwise attempting to introduce at trial any evidence at issue in this motion; and

(2)   Cooper Tire's motion for a jury instruction on missing or spoliated evidence [DE #203/204] is **DENIED**.

This August 3, 2011.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**