UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                            PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                    INTERVENING PLAINTIFFS


v.                                          **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Cooper Tire & Rubber Company ("Cooper Tire") to preclude various irrelevant and prejudicial evidence [DE #206]. This matter is fully briefed and is ripe for review.

Cooper Tire's motion has several discrete components. The Court will address each component in the order set out in Cooper Tire's motion. First, Cooper Tire moves the Court to preclude the plaintiff from offering any evidence, argument or comment relating to Cooper Tire's financial status, profit, annual sales, or similar aggregate economic information. While the plaintiff agrees that Cooper Tire's financial status alone does not justify a verdict against it, the plaintiff does intend to argue costs and/or profits may be relevant evidence of whether Cooper Tire made design

decisions on the basis of cost. Cooper Tire's reply does not object to the use of this cost-savings evidence. Thus, the plaintiff will be precluded from offering evidence, argument or comment on Cooper Tire's wealth unless it directly relates to design decisions.

Next, Cooper Tire seeks to preclude the plaintiff from invoking its non-resident and corporate status to appeal to the potential bias of the jury against big, non-resident businesses. Additionally, Cooper Tire seeks to preclude the plaintiff from mentioning the closure of its Albany, Georgia plant in the Fall of 2008. On the other hand, the plaintiff intends to ask members of the juror panel during voir dire questions about their knowledge of Cooper Tire plants, including the Albany, Georgia plant. Additionally, the plaintiff contends that to the extent that Cooper Tire described the condition of its plant as pristine, state of the art or similar, she intends to impeach Cooper Tire with evidence that the Albany plant was shut down not for economic reasons, as Cooper Tire contends, but because it was so antiquated. The Court agrees that these questions are relevant to voir dire and impeachment purposes and will deny Cooper Tire's motion.

Next, Cooper Tire seeks to exclude graphic photographs of Gumm and the introduction of Gumm's Day-in-the-Life-Video. While the Court is inclined to allow photographs and the video into evidence, it will pass this portion of Cooper Tire's motion until it has had an opportunity to review the photographs and the video.

Both parties agree that Gumm will not testify at trial. However, Cooper Tire seeks to limit Gumm's attendance at trial. Certainly, Gumm is entitled to be present at the trial of this matter. In the event his presence is disruptive to the Court or the jury, the Court will take such measures as are necessary at the time. Accordingly, Cooper Tire's motion as to Gumm's attendance will be denied.

Cooper Tire also seeks to preclude references in documents to other lawsuits. To the extent that Cooper Tire objects to documents which contain Bates numbers and case names from other actions, the plaintiff agrees to redact this information. Whether or not other evidence of other lawsuits is relevant is the subject of Cooper Tire's motion in limine [DE #199] and will be decided in conjunction with that motion. Similarly, to the extent that Cooper Tire seeks to prohibit the plaintiff from attempting to introduce at trial any evidence of the Firestone recall or other tire recalls by Cooper Tire or any other manufacturer, the Court will consider its arguments in conjunction with its motion in limine on this issue [DE #199].

Next, Cooper Tire seeks to exclude evidence related to opinions by General Motors or any other persons or company not disclosed by the plaintiff as an expert and deposed in this case. Essentially, the plaintiff wants to put on evidence that in 1997, GM approached Cooper Tire to discuss the possibility of supplying original equipment tires on new GM vehicles. After several months of investigation and discussions, GM elected not to go forward with Cooper Tire. After review of the parties' arguments, the Court agrees with Cooper Tire that this evidence is not relevant under Rule 401 and 402 of the Federal Rules of Evidence. This cases arises from a replacement tire manufactured by Cooper Tire in 2002, years after the discussions between Cooper Tire and GM. GM's decision not to have Cooper Tire manufacture original tires is immaterial to Cooper Tire's manufacture of replacement tires several years later. Additionally, under Rule 403 of the Federal Rule of Evidence, the admission of such evidence with minimal probative value would cause unnecessary delay and confusion. Accordingly, Cooper Tire's motion to exclude this evidence will be granted.

Cooper Tire also seeks to preclude the plaintiff from introducing any media reports about Cooper Tire. Inasmuch as it is not clear exactly what Cooper Tire seeks to exclude, this portion of the motion will be passed.

The parties do agree that settlement discussions and negotiations and the size of the law firms are not admissible evidence in the case. Accordingly, this portion of Cooper Tire's motion will be granted.

Finally, Cooper Tire seeks to exclude any evidence of any defect theory not expressly contained in the expert report or deposition of the plaintiff's tire expert, Troy Cottles. Cooper Tire notes that the Court has previously granted summary judgment in favor of Cooper Tire on this issue, dismissing "any theory of negligence or defect in the manufacture and design of the subject tire outside the opinions expressed by Troy Cottles" [DE #195 at p.7]. Thus, Cooper Tire's motion to exclude this evidence will be granted.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Cooper Tire's motion in limine to preclude various irrelevant and prejudicial evidence [DE #206] is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

This August 8, 2011.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**