UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                              PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                      INTERVENING PLAINTIFFS


v.                                          **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Cooper Tire & Rubber Company ("Cooper Tire") to preclude post-manufacture evidence and evidence of subsequent measures [DE #201]. This matter is fully briefed and is ripe for review.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This products liability action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed. Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident. In this lawsuit against the

manufacturer of the failed tire, Cooper Tire, the plaintiff has alleged that the left rear tire was defective.

According to Cooper Tire (and not disputed by the plaintiff), the subject tire was manufactured by Cooper Tire in its Findlay, Ohio plant during the week of July 28 to August 3, 2002. Gumm bought the used tire as part of his purchase of the used pickup truck in 2007. The subject tire was purchased and installed on the vehicle in late 2002 or early 2003 and was driven over 71,000 miles before it failed. The tire was manufactured to a specific specification or model known as green tire specification (or "GTS") 5708. GTS 5708 was produced in the Findlay plant only during the years 2001 to 2003. The design of model 5708 was authorized for production in the Findlay plant on April 16, 2001. It was de-authorized for production in the Findlay plant on February 6, 2004, although no tires of this design were actually made during 2004.

Cooper Tire's motion seeks to prohibit the plaintiff, her attorneys and witnesses from referring to, commenting on, or otherwise attempting to introduce at trial evidence related to design and manufacturing changes, events, omissions, accidents, incidents or other conduct by or related to Cooper Tire which took place after the manufacture of the specific tire the plaintiff has alleged was defective in this case and that have no application to GTS 5708, the design of that tire. Cooper Tire's motion does not refer to specific evidence that it believes the plaintiff will seek to introduce at trial that should be excluded. Rather, Cooper Tire states that, based on questions by plaintiff's counsel during depositions taken in this case, it anticipates that, at trial, the plaintiff will seek to introduce evidence concerning design and manufacturing analysis, modifications or incidents that have no application to GTS 5708, no connection to the defect theories set forth by the plaintiff's expert in this case, and that took place after the manufacture of the subject tire. Cooper Tire argues

that any such evidence is both irrelevant and should also be excluded under Rule 407 of the Federal Rules of Evidence governing evidence of subsequent remedial measures.

**II.      ANALYSIS**

To the extent that Cooper Tire's motion seeks to exclude evidence of subsequent remedial measures under Rule 407, Cooper Tire states that it is not aware of any post-manufacture changes to GTS or model 5708 that relate to any of the defect theories the plaintiff intends to present at trial. Moreover, the plaintiff maintains that she "does not intend to introduce any evidence of subsequent remedial measure because there have been no remedial measures in Cooper's products which are applicable." Accordingly, there is no evidence of a subsequent remedial measure to exclude. Thus, as neither party intends to introduce evidence of subsequent remedial measures, Cooper Tire's motion to exclude such evidence is moot.

The majority of Cooper Tire's motion argues that the unidentified post-manufacture "evidence" that it believes the plaintiff will seek to introduce is not relevant and, therefore, should be precluded. Cooper Tire generally relies on Kentucky law requiring the plaintiff to prove that the subject tire was defective when made. *See* KRS § 411.310(2). As noted by Cooper Tire, "[I]n a design defect case, the proper date of inquiry for determining relevance is the date of manufacture because the principal question involved is the reasonableness of the defendant's design at the time of the product's manufacture." *Bush v. Michelin Tire Corp.*, 963 F.Supp. 1436, 1447 (W.D.Ky. 1996). Cooper Tire further argues that any marginal probative value of post-manufacture evidence is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and, accordingly, should be excluded under Rule 403 of the Federal Rules of Evidence.

Despite maintaining that no subsequent remedial measures have been made with respect to Cooper Tire's products, and, therefore, Rule 407 does not apply, the plaintiff's response focuses on the permissible purposes for the introduction of evidence of subsequent remedial measures under Rule 407. Although Rule 407 excludes evidence of subsequent remedial measures "to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction," it also provides that the Rule does not require the exclusion of such evidence "when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Fed. R. Evid. 407. The plaintiff argues that "post-manufacture" evidence is admissible in this case for the purposes allowed by Rule 407, specifically, for impeachment and to show feasibility.[1] The plaintiff further argues that this evidence is not unfairly prejudicial to Cooper Tire.

However, Cooper Tire has failed to identify any specific evidence that it seeks to exclude by its motion. Cooper Tire's motion broadly seeks to exclude all evidence regarding *anything* Cooper Tire did after the manufacture of the subject tire. The only specific evidence identified by Cooper Tire is an April 28, 2004 report collecting adjustment data by plant for the 1st Quarter of 2004. However, this document was first identified by Cooper Tire as evidence that it seeks to exclude by

---

[1] Although not necessary to the Court's decision, as neither party has brought the Court's attention to specific evidence to which Rule 407 applies, the Court notes that the plaintiff disagrees with Cooper Tire's efforts to limit the relevant time frame in this case to the date of the tire's manufacture. According to the plaintiff, Rule 407's reference to "an event," after which any subsequent remedial measures taken are inadmissible, refers to the date of the accident, not the date of manufacture. Although this may be true with respect to evidence excluded under Rule 407, simply because evidence may be admissible under Rule 407 does not mean that it is automatically permissible under Rule 403. Thus, even if Rule 407's use of the term "event" refers to the date of the accident, in Kentucky, the relevant time frame in a design defect case is the date of manufacture. *See* KRS § 411.310(2); *Bush*, 963 F.Supp. at 1447.

this motion in Cooper Tire's reply to the plaintiff's response, thus depriving plaintiff the opportunity to respond to Cooper Tire's arguments regarding this specific document. Regardless, whether or not other adjustment data is relevant is the subject of motions in limine by Cooper Tire [DE # 200] and the plaintiff [DE #208] and will be decided in conjunction with those motions. Similarly, to the extent that Cooper Tire seeks to prohibit the plaintiff from attempting to introduce at trial any evidence of design and manufacturing analysis, modifications or incidents that have no application to GTS 5708 and otherwise are not similar to the defect theories involved in this case, including evidence of dissimilar tires, tire designs, lawsuits, claims, accidents and recalls, the Court will consider its arguments in conjunction with its motion in limine on this issue [DE #199].

Otherwise, without specificity, the Court is unable to make an informed decision regarding whether or not evidence is relevant to the litigation and/or is unduly prejudicial to either of the parties. Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Cooper Tire's motion in limine to exclude post-manufacture evidence and evidence of subsequent measures [DE #201] is **DENIED** as premature. Should the plaintiff seek to introduce specific evidence that Cooper Tire believes should be excluded based on the legal arguments set forth in Cooper Tire's motion, Cooper Tire is free to renew its motion at that time.

This August 9, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**