UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                           PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                         INTERVENING PLAINTIFFS


v.                                             **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion in limine of the plaintiff, Kim Logan, as Legal Guardian for James O. Gumm, Jr. ("Plaintiff"), to exclude various evidence at trial. [DE #208]. This motion is fully briefed and is ripe for review.

Plaintiff's motion has several discrete components, only some of which will be addressed herein. The other components will be (or have already been) ruled upon by a separate order or at the second Pre-Trial Conference to be held on August 12, 2011.

First, Plaintiff seeks to prohibit Cooper Tire from referring to the term "blow out" to describe the accident or the subject tire at issue in this litigation and to preclude all parties from questioning

witnesses or making statements or arguments using the term "blow out." [DE #208, ¶1]. Plaintiff argues that this term is confusing and will mislead the jury because a tire failure due to tread separation is different from a "blow out" or deflation that has been experienced by most drivers. However, the generic term "blow out" is commonly used by both courts and laypeople to describe a tire which loses air rapidly, regardless of the cause, which is what happened in this case. In addition, Plaintiff cites to no authority for such a broad request. Accordingly, Plaintiff's motion to prohibit any use of the term "blow out" is denied.

Next, Plaintiff seeks to prohibit Cooper Tire from referring to any evidence, exhibit, testimony or reference concerning any of Cooper Tire's "good acts," such as community service campaigns, sponsorship of college and professional athletic events and the like. [DE #208, ¶2]. Plaintiff argues that this "good act" evidence is inadmissible character evidence and, in the absence of any direct attack on Cooper Tire's corporate character, should be excluded under Federal Rule of Evidence 404. Cooper Tire does not oppose Plaintiff's motion, so long as Cooper Tire's corporate character is not attacked. The Court agrees that, in civil cases, evidence of character to prove conduct is generally not admissible. *See* Fed. R. Evid. 404; *Ginter v. Northwestern Mut. Life Ins. Co.*, 576 F.Supp. 627 (E.D.Ky. 1984). Thus, Plaintiff's motion to preclude evidence of Cooper Tire's "good acts" is granted.

Plaintiff also moves to prohibit Cooper Tire from discussing adjustment data collected by Cooper Tire and/or by other tire manufacturers in an attempt to imply or directly state to the jury that the tire at issue in this case is not defective. [DE #208, ¶3]. The relevancy of adjustment data is also the subject of a motion in limine filed by Cooper Tire [DE #200] and will be ruled upon in connection with that motion.

Plaintiff also moves to prohibit Cooper Tire from referring to or offering any evidence concerning seatbelt use. [DE #208, ¶4]. The Court has already granted Plaintiff summary judgment on Cooper Tire's Affirmative Defense 18, the failure to wear a seat belt, because Cooper Tire failed to come forward with any evidence that Gumm's failure to wear a seat belt caused or enhanced his particular injury. [DE #293]. In light of this ruling, Cooper Tire does not object to Plaintiff's motion, so long as Plaintiff does not attempt to introduce evidence that Gumm was wearing a seatbelt at the time of the accident. The Court agrees that, in accordance with its ruling on Plaintiff's motion for summary judgment, both parties are precluded from introducing evidence concerning Gumm's seatbelt use. Accordingly, Plaintiff's motion to preclude evidence concerning seatbelt use is granted.

Next, Plaintiff moves to preclude Cooper Tire from referring to or offering any evidence concerning the accident tire being manufactured and/or designed to the "state of the art." [DE #208, ¶5]. Plaintiff argues that this evidence should be precluded because this assertion is not supported by the evidence and there is a substantial risk of unfair prejudice in making such an assertion. However, under KRS § 411.310(2), a product is presumed not to be defective "if the design, methods of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared, and the product was manufactured." KRS § 411.310(2). Thus, whether the tire at issue in this case was designed to the "state of the art" is clearly relevant under Kentucky law. In addition, contrary to Plaintiff's arguments, the Court has already found that Cooper Tire has presented evidence that the design and manufacture of the subject tire met and exceeded all applicable federal tire performance regulations and industry standards in effect at the relevant time. [DE #209]. Accordingly, Plaintiff's motion to preclude Cooper Tire from

3

offering evidence showing that the subject tire was manufactured and/or designed to the "state of the art" is denied.

Plaintiff similarly moves to prohibit Cooper Tire from referring to or offering any evidence relating to the Federal Motor Vehicle Safety Standards ("FMVSS")[DE #208, ¶6]. However, as noted above, KRS § 411.310(2) specifically makes compliance with generally recognized and prevailing standards at the time of manufacture relevant in a products liability case. In addition, Cooper Tire has presented evidence that the design and manufacture of the subject tire met and exceeded all applicable federal tire performance regulations and industry standards in effect at the relevant time. [DE #209]. Any "prejudice" that may arise because the standards at issue are federally mandated does not outweigh the relevance of this evidence. Moreover, contrary to Plaintiff's suggestion, the Motor Vehicle Safety Act, 49 U.S.C. § 30103, does not bar the admission of evidence of FMVSS compliance in this case. Although compliance with the FMVSS may not irrebuttably insulate Cooper Tire from liability, KRS § 411.310(2) explicitly makes compliance with these standards relevant. Thus, Plaintiff's motion in limine relating to the FMVSS is denied.

Next, Plaintiff moves to prohibit Cooper Tire from referring to or offering any evidence concerning the age of the accident tire or that the accident tire was "old" or "worn out." [DE 208, ¶7]. Plaintiff argues that this evidence is unduly prejudicial and likely to mislead the jury, as it suggests that the tire is no longer serviceable after 6.5 years or that it cannot operate safely for more than 71,000 miles. However, under KRS § 411.310(1), a product is presumed not to be defective "if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture." KRS § 411.310(1). In addition, the condition of the tire is directly relevant to Cooper Tire's affirmative defense of

4

superseding cause. *See Ulrich v. Kasco Abrasives Co.*, 532 S.W.2d 197, 201 (Ky. 1976) (owner's failure to maintain machinery in safe working condition may constitute a superseding cause so as to relieve the manufacturer of liability). Thus, the age and the condition of the tire are relevant in this case and the Court does not find that the relevance of this evidence is outweighed by the risk of undue prejudice to Plaintiff. Moreover, Plaintiff cites to no authority that would justify imposing such nit-picky restrictions on witnesses' testimony or a party's arguments at trial. If Cooper Tire offers evidence that the tire was "worn out" with which Plaintiff does not agree, then she is free to present evidence to the contrary and/or argue accordingly. Therefore, Plaintiff's motion to preclude Cooper Tire from referring to the tire as "old" or "worn out" is denied.

Plaintiff also moves to prohibit Cooper Tire from offering any evidence or testimony as to why it chose to use unbalanced calendaring in the design of the subject tire, why the tire was not designed with nylon overlays or belt edge gum strips ("BEGS"), or any evidence regarding the costs of these alternative choices. [DE #208, ¶8]. According to Plaintiff, Cooper Tire was unable to produce a corporate witness as to why these choices were made, despite being ordered by the Court to do so. Specifically, Plaintiff points to the deposition of Cooper Tire's corporate representative Dale Schimmoeller, in which Schimmoeller was unable to provide testimony about Cooper Tire's design decisions, despite being designated as a Rule 30(b)(6) witness with respect to the tire's design, including the addition and efficacy of nylon and BEGS. Plaintiff's motion is, in essence, a motion for sanctions that seeks to sanction Cooper Tire for designating an unprepared Rule 30(b)(6) witness on these issues. However, despite Plaintiff's argument that Schimmoeller was unable to provide testimony on these issues, Cooper Tire has presented evidence that Schimmoeller, in fact, provided extensive testimony on the tire's design, the addition of nylon or BEGS to the subject tire

5

and other tires and the efficacy of nylon and BEGS in tire design components. To the extent that he was unable to answer Plaintiff's questions regarding costs and design decisions at his deposition to Plaintiff's satisfaction, Plaintiff is free to use Schimmoeller's deposition testimony as is appropriate. Thus, Plaintiff's motion to exclude this evidence is denied.

In addition, the Court notes that, in Cooper Tire's response, it attempts to turn Plaintiff's motion into its own motion in limine to exclude evidence regarding the costs of alternative designs under the guise of "joining in" Plaintiff's motion to keep costs considerations out of evidence. However, as noted above, Plaintiff does not seek to preclude Cooper Tire from presenting evidence regarding the costs of alternative designs on relevance grounds, but as a sanction for designating an allegedly ill-prepared corporate representative on this issue. The Court has already found that Plaintiff is permitted to introduce evidence of costs to the extent that such evidence directly relates to design decisions. [DE # 333]. Thus, Cooper Tire's effort to "join in" Plaintiff's motion is unavailing.

Next, Plaintiff moves to prohibit Cooper Tire or its witnesses from making or presenting any reference, argument or evidence in front of the jury or prospective jurors regarding whether the subject tire was underinflated or overdeflected or that the vehicle was overloaded. [DE # 208, ¶9]. Plaintiff argues that there is no evidence to substantiate these claims and points to one deposition question posed to Cooper Tire's expert Joseph Grant in which he was unable to testify regarding the actual loads that Gumm carried in his truck. However, contrary to Plaintiff's arguments, Cooper Tire has presented evidence, including Grant's expert report and other portions of Grant's testimony, that the tire was operated in an overdeflected/underinflated condition and that the tire was the improper size and load-carrying capacity for Gumm's truck. Thus, Plaintiff's motion is denied.

Plaintiff also moves to prohibit Cooper Tire from referring to or offering any evidence from any investigating police officers or emergency personnel, including any EMS personnel, regarding the tread separation, opinions as to the cause of the accident, any forces generated in this accident or forces generated in any accident. [DE #208, ¶10]. Plaintiff argues that these witnesses are not qualified to offer these opinions and will only confuse and mislead the jury. Plaintiff refers to her *Daubert* motion to exclude police testimony [DE # 191], but does not otherwise offer any further identification of whose testimony she seeks to exclude or on what grounds. To the extent that Plaintiff seeks to exclude testimony of Kentucky State Trooper Aaron Brown, Trooper Brown will be permitted to testify consistently with the Court's opinion and order ruling on Plaintiff's *Daubert* motion. [DE # 295]. To the extent that Plaintiff seeks to exclude other evidence, Plaintiff's motion is too vague to enable the Court to make a ruling on such evidence. Because of the vagueness of Plaintiff's motion, this portion of Plaintiff's motion will be denied. To the extent that Plaintiff has a specific objection, she may file an appropriate motion or make an objection at the trial of this matter.

Plaintiff also seeks to prohibit Cooper Tire from referring to or offering any previous pleadings [DE # 208, ¶11] on the grounds that references to prior pleadings will cause confusion, is misleading, and defeats the purpose of being allowed to plead in the alternative. Plaintiff relies on authority providing that superseded or abandoned pleadings are not relevant. However, Plaintiff does not specifically identify which pleadings are no longer relevant because they have been superseded or abandoned and does not otherwise offer any specificity regarding what, exactly, she seeks to exclude by this motion. As noted by Cooper Tire, the term "pleadings" may be limited to the Complaint and Answer, or it may be used to refer to other filings, including discovery responses,

which may be relevant, depending on the circumstances. Because of the vagueness of Plaintiff's motion, this portion of Plaintiff's motion will be denied. To the extent that Plaintiff has a specific objection, she may file an appropriate motion or make an objection at the trial of this matter.

Next, Plaintiff seeks to prohibit Cooper Tire from referring to or offering any testimony elicited from Kim Logan regarding her knowledge of the tire or vehicle maintenance. [DE #208, ¶12]. Plaintiff argues that Logan is not qualified to offer opinions on tire maintenance, was not linked to the maintenance of the subject vehicle and/or tire, did not drive the subject vehicle before the accident and that her testimony will only confuse and mislead the jury. However, Mrs. Logan is the Plaintiff in this case and Cooper Tire is entitled to explore whether she knows anything about the tire and the vehicle, including their maintenance. If she knows, she knows and if she doesn't, she doesn't. However, her potential lack of knowledge is not grounds to preclude Cooper Tire from asking altogether. Thus, Plaintiff's motion is denied.

Plaintiff also seeks to prohibit any anecdotal reference or testimony to other tire failures experienced by witnesses in this case [DE #208, ¶13], on the grounds that "a flat tire is a completely different event from a tread separation at highway speed, and testimony concerning witnesses' experience with routine tire deflations would be irrelevant and likely to mislead the jury." To the extent that Plaintiff seeks to exclude evidence of dissimilar tire events, this issue will be addressed by the Court in conjunction with Cooper Tire's motion in limine to preclude evidence of dissimilar tires, tire designs, lawsuits, claims, accidents and recalls [DE #199]. Otherwise, Plaintiff's motion is so vague that the Court is unable to determine what, exactly, Plaintiff seeks to exclude. Accordingly, Plaintiff's motion will be denied. To the extent that Plaintiff has a specific objection, she may file an appropriate motion or make an objection at the trial of this matter.

Next, Plaintiff seeks to prohibit any questioning of Kim Logan and/or evidence which would create the inference that Logan has an opinion as to the cause of the accident. [DE #208, ¶14]. Plaintiff specifically refers to an email/letter drafted by Logan which infers that she has an opinion as to the cause of the accident. According to Plaintiff, Logan's email simply recites the language of the police report and is not the product of her own opinion as to the cause of the accident. If this is the case, Logan is free to testify accordingly. However, this is not grounds for precluding Cooper Tire from asking Logan about her opinion as to the cause of the accident. Therefore, Plaintiff's motion is denied.

Plaintiff next moves to prohibit any reference that the size of the subject vehicle's tires were larger than the vehicle manufacturer's recommended size. [DE # 208, ¶15]. Plaintiff argues that Cooper Tire's vehicle handling expert, Dr. Geoff Germane, testified that the size of the tires played no role in vehicle controllability. Accordingly, Plaintiff argues that any reference to the size of the tires would only invite unfair prejudice with no probative value. However, Cooper Tire has presented other evidence that the tires were the wrong size for Gumm's truck and that this misuse of the tire may have been a superseding cause of the accident. Thus, Plaintiff's motion will be denied.

Plaintiff also seeks to prohibit any reference or testimony suggesting that speed was a cause of the roll-over event [DE #208, ¶16]. Plaintiff points to eyewitness testimony opining that Gumm was not traveling at an excessive speed on the day of the accident, as well as the fact that Cooper Tire's vehicle handling expert, Dr. Geoff Germane, was unable to isolate speed as the cause of Gumm's response to the catastrophic tire event that resulted in the roll-over accident. However, Plaintiff ignores Dr. Germane's testimony, as well as other evidence offered by Cooper Tire, that

9

Gumm's speed was a factor in Gumm's response and contributed to the severity of the accident. Accordingly, Plaintiff's motion is denied.

Next, Plaintiff moves to prohibit any personal derogatory remarks concerning Plaintiff's counsel, retained experts, or the contents of Plaintiff's counsel's internet websites. [DE #208, ¶17]. The Court has already addressed the parties' obligations to adhere to the Federal Rules of Evidence, the Kentucky Rules of Professional Conduct, and the local rules of this Court in its Order on Cooper Tire's motion in limine for all parties to adhere to courtroom decorum, civility and dignity among counsel and witnesses. [DE #327]. Again, while the Court is aware of the contentious relationship between the parties, there is simply no need for such a motion or order at this time. To the extent that Plaintiff has a specific objection, she may file an appropriate motion or make an objection at the trial of this matter. Accordingly, Plaintiff's motion is denied as moot.

Plaintiff next seeks to prohibit any reference to prior claims of lawsuits brought by Plaintiff, or previous claims filed by Plaintiff's counsel on behalf of other litigants. [DE # 208, ¶18]. Plaintiff similarly moves to preclude Cooper Tire or its witnesses from making or presenting any reference, argument, or evidence in front of the jury or prospective jurors regarding the outcome of other tread/belt separation cases involving Cooper Tire. [DE # 208, ¶25]. The relevancy of evidence of other lawsuits is also the subject of a motion in limine filed by Cooper Tire [DE #199] and Plaintiff's arguments will be considered in conjunction with that motion. Thus, these portions of Plaintiff's motion are passed.

Plaintiff's motions seeking to prohibit any reference to Gumm's history of drug use [DE #208, ¶19], the admission of any photographs purporting to show drug paraphernalia among the debris scattered from Plaintiff's truck during the accident [DE #208, ¶20], and any reference to

10

Gumm's legal use of Percocet [DE #208, ¶21] have already been considered and ruled upon by the Court in a separate Opinion and Order. [DE # 321].

Finally, Plaintiff moves to prohibit any reference to Gumm's criminal history [DE #208, ¶22], any reference to Gumm's driving history [DE #208, ¶23], and any reference by Cooper Tire that Gumm "seems happy where he is" [DE #208, ¶24]. These motions are passed and will be ruled upon by a separate order or at the second Pre-Trial Conference to be held on August 12, 2011.

Accordingly, for the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Plaintiff's motion in limine [DE #208] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's motion in limine to prohibit Cooper Tire from referring to the term "blow out" to describe the accident or the subject tire at issue in this litigation and to preclude all parties from questioning witnesses or making statements or arguments using the term "blow out" [DE #208, ¶1] is **DENIED**;

2. Plaintiff's motion in limine to prohibit Cooper Tire from referring to any evidence, exhibit, testimony or reference concerning any of Cooper Tire's "good acts" [DE #208, ¶2] is **GRANTED**;

3. Plaintiff's motion in limine to prohibit Cooper Tire from discussing adjustment data collected by Cooper Tire and/or by other tire manufacturers in an attempt to imply or directly state to the jury that the tire at issue in this case is not defective [DE #208, ¶3] is **PASSED** and will be considered in connection with Cooper Tire's motion in limine regarding adjustment data [DE #200];

11

4. Plaintiff's motion in limine to prohibit Cooper Tire from referring to or offering any evidence concerning seatbelt use [DE #208, ¶4] is **GRANTED**;

5. Plaintiff's motion in limine to prohibit Cooper Tire from referring to or offering any evidence concerning the accident tire being manufactured and/or designed to the "state of the art" [DE #208, ¶5] is **DENIED**;

6. Plaintiff's motion in limine to prohibit Cooper Tire from referring to or offering any evidence relating to the Federal Motor Vehicle Safety Standards [DE #208, ¶6] is **DENIED**;

7. Plaintiff's motion in limine to prohibit Cooper Tire from referring to or offering any evidence concerning the age of the accident tire or that the accident tire was "old" or "worn out" [DE 208, ¶7] is **DENIED**;

8. Plaintiff motion in limine to prohibit Cooper Tire from offering any evidence or testimony as to why it chose to use unbalanced calendaring in the design of the subject tire, why the tire was not designed with nylon overlays or belt edge gum strips ("BEGS"), or any evidence regarding the costs of these alternative choices [DE #208, ¶8] is **DENIED**;

9. Plaintiff's motion in limine to prohibit Cooper Tire or its witnesses from making or presenting any reference, argument or evidence in front of the jury or prospective jurors regarding whether the subject tire was underinflated or overdeflected or that the vehicle was overloaded [DE # 208, ¶9] is **DENIED**;

10. Plaintiff's motion in limine to prohibit Cooper Tire from referring to or offering any evidence from any investigating police officers or emergency personnel, including any EMS personnel, regarding the tread separation, opinions as to the cause of the accident, any forces generated in this accident or forces generated in any accident [DE #208, ¶10] is **DENIED**;

11. Plaintiff's motion in limine to prohibit Cooper Tire from referring to or offering any previous pleadings [DE # 208, ¶11] is **DENIED**;

12. Plaintiff's motion in limine to prohibit Cooper Tire from referring to or offering any testimony elicited from Kim Logan regarding her knowledge of the tire or vehicle maintenance [DE #208, ¶12] is **DENIED**;

13. Plaintiff's motion in limine to prohibit any anecdotal reference or testimony to other tire failures experienced by witnesses in this case [DE #208, ¶13] is **DENIED**;

14. Plaintiff's motion in limine to prohibit any questioning of Kim Logan and/or evidence which would create the inference that Logan has an opinion as to the cause of the accident [DE #208, ¶14] is **DENIED**;

15. Plaintiff's motion in limine to prohibit any reference that the size of the subject vehicle's tires were larger than the vehicle manufacturer's recommended size [DE # 208, ¶15] is **DENIED**;

16. Plaintiff's motion in limine to prohibit any reference or testimony suggesting that speed was a cause of the roll-over event [DE #208, ¶16] is **DENIED**;

17. Plaintiff motion in limine to prohibit any personal derogatory remarks concerning Plaintiff's counsel, retained experts, or the contents of Plaintiff's counsel's internet websites [DE #208, ¶17] is **DENIED AS MOOT**;

18. Plaintiff motions in limine to prohibit any reference to prior claims of lawsuits brought by Plaintiff, or previous claims filed by Plaintiff's counsel on behalf of other litigants [DE # 208, ¶18] and to preclude Cooper Tire or its witnesses from making or presenting any reference, argument, or evidence in front of the jury or prospective jurors regarding the

13

outcome of other tread/belt separation cases involving Cooper Tire [DE # 208, ¶25] are **PASSED**;

19. Plaintiff's motion in limine to prohibit any reference to Gumm's criminal history [DE #208, ¶22], any reference to Gumm's driving history [DE #208, ¶23], and any reference by Cooper Tire that Gumm "seems happy where he is" [DE #208, ¶24] are **PASSED**.

This August 10, 2011.

Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**