UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| KIM LOGAN, as Legal Guardian for ) | |
| JAMES O. GUMM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | No. 5:10-CV-03-KSF |
| KENTUCKY CABINET FOR HEALTH & ) | |
| FAMILY SERVICES, ) | ORDER |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| UNIVERSITY OF KENTUCKY & ) | |
| KENTUCKY MEDICAL SERVICES ) | |
| FOUNDATION, ) | |
| ) | |
| Intervening Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| COOPER TIRE & RUBBER COMPANY, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

The Court considers a motion to exclude evidence. *See* DE #188 (Cooper Tire & Rubber Company's Motion in Limine #2). In essence, Cooper Tire seeks a preclusive sanction under Federal Rule of Civil Procedure 37 concerning materials disclosed in this case by or concerning Logan expert Troy Cottles. The Court has assessed the full briefing and the overall record (to include the Cottles deposition, the Cottles report, and all relevant filings surrounding Cottles's

1

role in this case). *See* DE #188; DE #258 (Response); DE #313 (Reply).[1]

The Court notes several oddities about the posture. First, the parties agreed to an unusual sequence of expert discovery in this case. The defense expert disclosed and testified many months before the Cottles deposition occurred. Further, some of the empirical bases for Cottles's opinions – specifically observations related to the court-approved tire cutting in this case – did not emerge until that procedure in late March of 2011. Further, as Plaintiff argues, Cooper Tire expressly asked for all file documents at Cottles's deposition.

Plaintiff stridently opposed any opportunity by Cooper Tire to supplement following the Cottles deposition. The Court sided with Plaintiff's position, but premised on Logan's representation that Cooper Tire had everything on which Cottles would rely. That representation may not have been accurate, but the Court will effectively make the representation accurate retroactively by substantially sustaining Cooper Tire's motion.

Plantiff unequivocally indicated that everything Cottles would rely on had been provided or was en route at the March 18 hearing, and Plaintiff cannot now add materials disclosed after the date of the representation. Logan offers no justification for the late disclosure and does not show that the late disclosure would be non-prejudicial, per Rule 37.

The Lee report typifies the problem. Cottles had the Lee report on the day of his disclosure last October. Inexplicably, Plaintiff did not disclose the report – cited in Cottles's opinions – until March 29. This makes little sense, but the loss falls on Plaintiff for such

---

[1] Plaintiff also tendered a "Supplemental Response" (DE #320), which she filed after Cooper Tire filed its reply, but such a supplemental filing could only be made with leave of the Court. The Clerk of Court **SHALL** strike the supplemental response, and the Court will not consider that filing as part of the decisional record.

nondisclosure.

Accordingly, on the terms noted herein, the Court thus **GRANTS** Cooper Tire's motion (DE #188). Aside from materials related to the tire-cutting procedure, Plaintiff **SHALL NOT** use or refer at trial to any materials disclosed to Cooper Tire after March 18, 2011, the date of the oft-referenced conference call.[2] Obviously, but again to reiterate, Cottles **SHALL NOT** offer any opinions beyond those contained in the Cottles Report, although observations about the cut tire that Cottles discussed in the March 29 deposition are fair game because of timing of the cutting procedure.

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Because of the upcoming trial date, any motion for reconsideration **SHALL** be made to District Judge Forester by **August 12, 2011**, or otherwise if the deadline is altered by the District Judge. Failure to object waives a party's right to review.

This the 11th day of August, 2011.

Signed By:
_Robert E. Wier_
United States Magistrate Judge

---

[2] If Cooper Tire had possession of a disclosed reference source, *e.g.*, through disclosure in another case, the limit would not apply.