UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-3-KSF

KIM LOGAN, et al.                                                                          PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & FAMILY SERVICES, et al.                           INTERVENING PLAINTIFFS

vs.                                                    **ORDER**

COOPER TIRE & RUBBER COMPANY                                              DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Plaintiff for a hearing [DE 345] on Plaintiff's motion for reconsideration [DE 344] of this Court's order revoking the *pro hac vice* status of Kyle Wayne Farrar and Wesley Todd Ball and disqualifying Farrar & Ball LLP from further participation in this lawsuit.  In analyzing these motions, the Court became aware of other conduct in this case that may be relevant in deciding the future *pro hac vice* status of counsel.  The Court will grant the motion for a hearing, but is expanding the scope of the hearing, *sua sponte*, to encompass the following alleged unprofessional conduct in this case by Plaintiff's counsel.  This Order is to give counsel notice of these additional matters and the date and time of the hearing.

**IT IS ORDERED** that:

1. Plaintiff's motion for a hearing on the motion for reconsideration of the order revoking pro hac vice status and disqualifying counsel [DE 345] is **GRANTED**.  The hearing is scheduled for **Wednesday, October 5, 2011, at 9:30 a.m.**  Attorneys Farrar, Ball and Kaster are required to attend.

2. The conduct to be considered at the hearing includes:

   a. The conduct of Ball and Farrar in unreasonably multiplying these proceedings and unnecessarily consuming Magistrate Judge Wier's time and that of this Court with petty squabbles, misrepresentations of facts, excessive animosity and excessive briefing, some of which is evidenced by the briefing of the present motion.

   b. Ball's July 6, 2011 letter to Warburton that he and his co-counsel will not respond to future settlement offers from Warburton and that meaningful negotiations could only take place if Cooper provides other counsel. [DE 300-5].

   c. Farrar's July 19, 2011 letter to Zamansky seeking ex parte settlement negotiations. Whether the consent of opposing counsel was sought and obtained before contacting Zamansky.

   d. The role of Ball and Farrar in the briefing relating to the motion to reconsider.

   e. Ball and Farrar's knowledge and understanding of Kaster's negotiations directly with Cooper Tire's former General Counsel, Jim Kline, concerning settlement in this and other cases.

   f. The source of information for Kaster's representation on pages 12-13 of Plaintiff's reply [DE 356] that no court has ever ruled that Farrar & Ball LLP violated a protective order.

   g. Ball's filing confidential *Pierson v. Cooper Tire* documents in the record in this case [DE 71] in violation of the protective order in *Pierson*.

   h. Ball's statements in a brief regarding Gladstone: "Cooper's counsel had **already** initiated intimidating contact with [Gladstone] but apparently had no desire to share that information with this Court during the hearing." [DE 290, p. 3]. "Cooper's counsel deliberately chose not to be forthright with this court on this important ethical issue" and that during the hearing on witness tampering, "Cooper's counsel did not divulge their recent contact with the witness, but instead dishonestly led this Court to believe that it was awaiting permission before proceeding." *Id.*

   i. Ball's refusal at the pretrial conference to stipulate the amount of damages to Intervening Plaintiffs. [DE 341, p. 7].

   j. The source of information for Kaster's representation to this Court [DE 344, p. 22] that Ball did not violate the protective order in the *Morales* case because there was no protective order.

   k. After Judge Wier's October 7, 2010 order that Osborne, Adams and Pegler were "fact" witnesses, not "expert" witnesses, Ball's conduct in asking "opinion" questions during the depositions, such as:

      Q. Generally speaking about most other tires, would you consider Cooper Tire to be deficient in the durability of its tires compared to most other tire companies if Cooper Tire in 2000 were not using a nylon overlay in the

2

        design of most of its tires? [DE 205-3, Deposition of David Osborne, pp. 70-71].

    Q.    . . . If Cooper in the United States did not use nylon overlay in a majority of its tires, would you consider Cooper deficient in durability compared to its competition, because of the lack of that overlay? [DE 205-3, Deposition of David Osborne, p. 70].

    Q.    Tell me this. If you saw a tire that was returned to Avon from the field that had failed as a result of a belt tread separation, or a tread separation, and that tire exhibited bare or brassy looking wires, what would that indicate to you, based on your training and knowledge that you gained at Avon? [DE 205-4, Deposition of Richard Adams, p. 97].

    l.    Payments made to fact witnesses Osborne, Adams and Pegler.

3. On or before **September 26, 2011**, Plaintiff's counsel are **ORDERED** to provide the Court copies of all invoices they received from witnesses Osborne, Adams and Pegler during the past four years. If it is not clear from the invoice, counsel shall identify the date any deposition was taken, the underlying case for which the witness is testifying, and whether the witness was represented to the court as an expert or fact witness.

4. On or before **September 26, 2011**, Plaintiff's counsel are **ORDERED** to provide the Court certified records of all payments or reimbursements, made by their firm or co-counsel or any affiliated entity, to Osborne, Adams or Pegler during the past four years. If it is not clear from the payment records, counsel shall identify the date any deposition was taken, the underlying case for which the witness is testifying, and whether the witness was an expert or fact witness.

This September 16, 2011.

**Signed By:**

*Karl S. Forester* 

**United States Senior Judge**