UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                                    PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                              INTERVENING PLAINTIFFS


v.                                      **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion in limine of the plaintiff, Kim Logan, as Legal Guardian for James O. Gumm, Jr., to exclude the testimony of the defendant's proposed expert, Joseph Grant, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), and Federal Rules of Evidence 702 and 703. This motion is fully briefed and is ripe for review.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This products liability action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck that he had purchased as a used vehicle in 2007. At that time, the vehicle had 137,464 miles on it. While he

was driving westbound in the left lane, the left rear tire of his truck failed. The subject tire was manufactured by the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), in 2002, and had approximately 71,000 miles on it.

As a result of the tire failure, Gumm contends that he was unable to control the vehicle. The truck slammed into a rock wall, flipped over, and landed back on the roadway. Gumm was rendered a brain-injured quadriplegic as a result of the accident. This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 [DE #1]. Cooper Tire has named Joseph Grant as an expert expected to testify in this matter.

## II.     RULE 702 AND THE SUPREME COURT'S HOLDINGS IN *DAUBERT* AND *KUMHO TIRE*

As amended in 2000, Rule 702 of the Federal Rules of Evidence states the requirements for admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Generally, this rule "should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 505, 516 (6th Cir. 1998).

"[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). As the Supreme Court stated in *Daubert*:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or

>determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts at issue.

*Id*. at 592-93. The proponent of expert testimony must prove by a preponderance of the evidence that the testimony is reliable, not that it is scientifically correct. *Id*. at 593; Fed.R.Evid. 104(a).

In determining whether to admit or exclude proffered expert testimony, the court must act as a "gatekeeper" to ensure that the expert is duly qualified to render an expert opinion, that his testimony will assist the trier of fact, and that the proffered testimony is reliable. *Id*. However, the court's gatekeeper role under *Daubert* "is not intended to supplant the adversary system or the role of the jury." *Allison v. McGhan*, 184 F.3d 1300, 1311 (11th Cir. 1999). *See also United States v. 14.3 Acres of Land Situated in LeFloure County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996). (The Court is mindful that its "role as gatekeeper is not intended to serve as a replacement for the adversary system.") Rather, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence." *Daubert*, 509 U.S. at 596.

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court clarified that this "gatekeeper" function applies to all expert testimony, not just scientific testimony. *Id*. at 147 (explaining that Rule 702 makes "no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge. It makes clear that any such knowledge might become the subject of expert testimony"). The Supreme Court proceeded to provide the district courts with a checklist for assessing the reliability of expert testimony. This list of "specific factors" "neither necessarily nor exclusively applies to all experts or in every case." *Id*. at 141. Listed considerations include whether an expert's theory can be tested, "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," and "general

acceptance." *Daubert*, 509 U.S. 593-94. Yet, the "list of factors was meant to be helpful, not definitive" and will vary from case to case. *Kumho Tire*, 526 U.S. at 151. *See also Daubert*, 509 U.S. at 594 ("The inquiry envisioned by Rule 702 is, we emphasize, a flexible one.") Thus, the trial court must use its discretion in determining whether reasonable criteria of reliability were used by a proffered expert and whether the proposed testimony meets those criteria. Nevertheless, "[t]he Rules' basic standard of relevance . . . is a liberal one." *Daubert*, 509 U.S. at 587, and the trial court's gatekeeping role does not permit it to reject admissible expert testimony.

In 2000, Rule 702 was amended in response to *Daubert* and cases applying it, such as *Kumho Tire*. It affirms the trial court's role as gatekeeper and provides general standards for the trial court to use to assess the reliability and helpfulness of proffered expert testimony. Advisory Committee Notes to Rule 702. In fact, the advisory comments to the 2000 amendments to Rule 702 noted that "[a] review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule." Advisory Committee Comments to the 2000 Amendments to Rule 702.

### III. ANALYSIS

Cooper Tire's expert, Joseph Grant, is an independent tire failure forensic analyst with over thirty years experience in the tire industry. The plaintiff does not challenge Grant's qualifications to testify as an expert in this case. Instead, the plaintiff challenges Grant's opinions that the tire was properly designed and properly manufactured and that the subject tire was in an "over deflected" condition and suffered "impact damage." A careful review of Grant's Rule 26 report and his deposition, however, reveal that Grant's opinions are reliable and relevant, and that the plaintiff's challenges go merely to the weight of Grant's testimony, not its admissibility.

First, the plaintiff contends that Grant failed to review certain design and manufacturing documents before preparing his Rule 26 report. Cooper Tire, however, explains that because a

protective order governing these documents was not entered until October 13, 2010 [DE #53], it was unable to provide these documents to its expert prior to the October 8, 2010 report prepared by Grant [DE #228-2]. Cooper Tire also points out that the plaintiff's tire expert also did not review these documents before preparing his report dated October 11, 2010 [DE #47-11]. Moreover, during his deposition, Grant explained why the design and manufacturing documents were not necessary in light of the fact that he analyzed the actual tire [DE #194-2, at 77-78]. When he later reviewed the design and manufacturing documents, he testified that they confirmed the opinions he reached as a result of his analysis of the tire [DE #194-2 at 109].

Second, the plaintiff contends that Grant's opinion is unreliable and not relevant. However, a review of Grant's report and deposition reveals Grant's examination method is based on his experience in the industry and parallels the methods used by others in the industry, including the plaintiff's own expert, Troy Cottles. As Magistrate Judge Wier noted, when denying Cooper Tire's *Daubert* motion to exclude Cottles, there is "significant overlap between the inspection methods of ...Grant and those of Cottles" [DE #349, p.9]. Grant's conclusions are based on his physical examination, and are buttressed with forensic observations with peer-reviewed publications and testing, including his own articles. Grant then relates his observations to the service history of the subject tire. While the plaintiff disputes the meaning of many of Grant's observations, such a dispute goes only to the weight of the testimony, rather than its admissibility under *Daubert*.

In conclusion, Grant's opinions are derived from generally-accepted methodology, relate to forensically observable conditions in the subject tire, are consistent with generally-accepted, peer-reviewed and commonly known causes of tire failure and tread separation, and are supported by specific, peer-reviewed publications and testing which are set out in Grant's report and deposition. The Court finds no basis to exclude Grant's testimony under *Daubert*.

**III.     CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that the plaintiff's motion to exclude Grant [DE #194] is hereby **DENIED**.

This October 17, 2011.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**