UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                              PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                          INTERVENING PLAINTIFFS


v.                                              **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), has filed its objection [DE #226] to the June 27, 2011 Order of Magistrate Judge Wier [DE #196] denying its motion to compel responses to its witness retention, compensation, and bias-related discovery requests to the plaintiff. The plaintiff has responded [DE #282]. For the reasons set forth below, Cooper Tire's objection will be overruled.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises out of a one-vehicle automobile accident which occurred on Interstate

64 in Montgomery County, Kentucky on February 12, 2009.  At the time of the accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed.  Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident.  This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 against Cooper Tire, the manufacturer of the failed tire.  [DE #1].

Cooper Tire seeks to compel responses to "witness retention, compensation, and bias-related discovery requests" which were served after the February 15, 2011 discovery deadline [DE #161].  Essentially, Cooper Tire contends that certain witnesses who are former employees of a Cooper Tire subsidiary in England (the "London witnesses") have been paid as expert witnesses despite the plaintiff's claims that they are only factual witnesses. Consistent with local practice, this matter was referred to Magistrate Judge Robert Wier.  Magistrate Judge Wier provisionally denied Cooper Tire's motion, but afforded leave for further motion practice.  In his provisional Order, Magistrate Judge Wier determined that the discovery requests were untimely, questioned the use of party discovery to seek bias information concerning counsel, and queried whether the plaintiff would have any knowledge or adequate control to make the responses [DE #160].

In a subsequent motion, Cooper Tire argues that the bias issues could not have been discovered earlier and raise serious ethical questions [DE #161].  In response, the plaintiff contends that Cooper Tire knew about these alleged bias issues well before the expiration of the discovery deadline and had an adequate opportunity to inquire into these issues at the depositions of the witnesses in question.  The plaintiff continues to contend that the London witnesses will solely serve as fact witnesses in this matter.  After reviewing the parties' arguments, Magistrate Judge Wier concluded that Cooper Tire's discovery requests were untimely and that Cooper Tire, already armed

with knowledge that these witnesses were involved with the plaintiff's counsel in other cases, had an adequate opportunity to question the London witnesses about any bias during their depositions. Accordingly, Magistrate Judge Wier denied Cooper Tire's motion to compel [DE #196].

## II.     STANDARD OF REVIEW

Pursuant to Rule 72(a), a party may serve and file objections to an order of a magistrate judge within fourteen days after being served with a copy. The district judge may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*, *see also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). In discovery matters, decisions of the magistrate judge are given great deference and will be reversed only for an abuse of discretion. *See Brownlow v. General Motors Corp.*, 20007 WL 2712925 (W.D.Ky. Sept. 13, 2007)  The burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law rests with the party filing the appeal, here Cooper Tire.  A decision is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III.    ANALYSIS

This Court has conducted its own review of the pleadings filed by the parties as well as Magistrate Judge Wier's June 27, 2011 Order.  Based on this review, there is simply no indication that Magistrate Judge Wier abused his discretion in denying Cooper Tire's motion to compel.  There is no dispute that the discovery requests were untimely.  Moreover, the record reveals that Cooper Tire had the necessary knowledge to ask the bias-related questions during the depositions of the London witnesses that it is now seeking in its untimely discovery requests.  Both parties have acknowledged that this case relates to a series of cases against Cooper Tire, some involving the same attorneys and witnesses.  Cooper Tire's failure to ask certain bias questions does not justify the relief

it seeks, even couched in the ethical argument it now attempts to make.  Thus, the Court, finding that Magistrate Judge's Wier's Order is not clearly erroneous or contrary to law, **OVERRULES** Cooper Tire's objections.

**III.    CONCLUSION**

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)    Cooper Tire's objection [DE #226] is **OVERRULED**;

(2)    Magistrate Judge Wier's Order of June 27, 2011 [DE #196] is **ADOPTED** as and for the Court's Opinion & Order; and

(3)    Cooper Tire's motion to compel [DE #161] is **DENIED**.

This November 2, 2011.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**