UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                           PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                    INTERVENING PLAINTIFFS

v.                                    **OPINION & ORDER**

COOPER TIRE & RUBBER COMPANY                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion of the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), to preclude testimony from witnesses deposed as former employees of an indirect European subsidiary of Cooper Tire [DE #205]. The plaintiff, Kim Logan, as Legal Guardian for James O. Gumm, Jr., has filed her response opposing Cooper Tire's motion [DE #245]. Cooper Tire has filed its reply [DE #308], and, therefore, this motion is now ripe for review. For the reasons set forth below, Cooper Tire's motion in limine will be granted.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This civil action arises out of a one-vehicle automobile accident which occurred on Interstate

64 in Montgomery County, Kentucky on February 12, 2009. At the time of the accident, James O. Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed. Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident. This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 against Cooper Tire and Rubber Company ("Cooper Tire"), the manufacturer of the failed tire. [DE #1].

The plaintiff seeks to introduce evidence at trial, both testimony and documents, from depositions taken in London, England in October 2010 of three individuals who are former employees of Avon Tyres, Ltd. ("Avon Tyres"), Richard Adams, David Osborne[1], and Desmond Pegler. In 1997, Cooper Tire purchased Avon Tyres, which became Cooper-Avon Tyres, Ltd. It subsequently changed its name to Cooper Tire & Rubber Company, Europe, Ltd. ("Cooper Europe"). Cooper Europe is a subsidiary of Cooper Tire & Rubber Company, U.K., Ltd. ("Cooper U.K.") and is not a party to this case. Cooper Tire is a parent company of Cooper U.K.

After receiving notice of these depositions, Cooper Tire asked for clarification from the plaintiff as to whether these were depositions of expert or fact witnesses in light of the fact that the plaintiff had not disclosed these individuals as experts or complied with any of the expert witness disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. Based on the plaintiff's characterization of the deponents as fact witnesses, Magistrate Judge Robert Weir entered his October 7, 2010 Order stating, in part:

> Plaintiff characterizes these witnesses as "fact" witnesses, and the Court expects Plaintiff to depose the witnesses for their knowledge about design alternatives, pre-

---

[1] The plaintiff has not designated any deposition testimony from David Osborne, and by letter dated July 11, 2011, indicates that she will not call Osborne as a witness in this case.

    2002, of which they had personal knowledge as a result of their connection with Cooper (including its affiliate).  The expert designation is, per the Amended Scheduling Order, long-since passed.

[DE #46].

  The depositions took place in London on October 11, 2010.  Cooper Tire now moves to preclude any evidence, testimony or evidence obtained during the depositions.  According to Cooper Tire, the deposition testimony and exhibits from these witnesses should be excluded for the following reasons:

   (1) the depositions consist of opinion testimony from former employees hired as expert witnesses without any compliance with Rule 26 (a)(2) disclosure requirements;

   (2) the conduct and knowledge of Avon Tyres cannot be imputed to Cooper Tire, its parent company;

   (3) the testimony is irrelevant and improper, and based on speculation;

   (4) there has been no showing as required by Rule 602 of the Federal Rules of Evidence that the witnesses have any personal knowledge in the matter;

   (5) the depositions are irrelevant under Rule 402 of the Federal Rules of Evidence, and also should be excluded because any purported probative value is substantially outweighed by the danger of unfair prejudice to Cooper Tire under Rule 403 of the Federal Rules of Evidence.

[DE #205].  In response, the plaintiff contends that she has not designated any testimony which can be construed as expert testimony.  She also argues that any knowledge these witnesses obtained at Avon Tyres can be imputed to Cooper Tire and that the deponents testified based on their observations and knowledge of design methods used by Avon Tyres in the United Kingdom - methods which Cooper Tire became aware of when it subsumed Avon's business.  The plaintiff denies that these witnesses have been paid for their testimony [DE #245].

**II.    ANALYSIS**

After careful review of the pleadings and the depositions of the witness, the Court concludes that the testimony of the London witnesses should be excluded. It is undisputed that the plaintiff never disclosed these witnesses as expert witnesses or complied with the expert witness disclosure requirements of Rule 26. The plaintiff specifically characterized the witnesses as "fact witnesses" to both Cooper Tire and Magistrate Judge Wier. Moreover, there is no ambiguity in the October 7, 2010 Order of Magistrate Judge Wier - the depositions were to be only of the deponents as fact witnesses [DE #46].

Nevertheless, a review of the depositions reveals that counsel for the plaintiff deposed these witnesses as expert, not factual, witnesses and repeatedly asked questions requiring them to express their opinions. For example, Desmond Pegler, a former employee of Avon Tyres, testified that he believes he was employed there until September 2000, and that he has never been an employee of Cooper Tire [DE #205-5, Pegler Deposition at 10]. He admits that he is not authorized to speak on behalf of Cooper-Avon or Avon Tyres [*Id*. at 166]. Pegler further admits that he had no firsthand knowledge or information about the design and manufacture of tires in the United States by Cooper Tire, and that he had no role in tire design at Avon Tyres. There is also no evidence that he has any personal knowledge about any of the facts relevant to this case. He was unable to testify about the exchange, if any, of information between Avon and Cooper Tire [*Id*. at 73-74]. Finally, Pegler testified that he expected payment for his deposition and ultimately submitted an invoice to both plaintiff's counsel and Cooper Tire's counsel for a total of $1,900 [DE #205-6].

Despite his admitted lack of knowledge about the facts of this case, counsel for the plaintiff repeatedly solicited opinion testimony from Pegler. For example, Pegler was asked the following

4

questions:

> Q. Explain to the ladies and gentlemen of the jury your understanding of how a nylon cap ply prevents tread separations [DE #205-5, Pegler Deposition at 79-80];
>
> Q. With regard to the first part, though, where it says: "A nylon overlay increased tread pattern strength and reduces belt separations." Do you agree with that? [*Id.* at 86];
>
> Q. What is your understanding of how localized or spot wear can occur in a tire? [*Id.* at 218]; and
>
> Q. Does Indonesia have the same standards about tire speed rating and the testing of tires that Europe does? [*Id.* at 180].

These questions, in conjunction with the remainder of his deposition and when considered with Pegler's lack of personal knowledge, clearly fall outside the range of questions properly presented to a factual witness.

A review of Richard Adams' deposition yields a similar conclusion. Adams testified that he left Avon Tyres in 1989 and never worked for Cooper-Avon [Adams' Deposition at 44, 54, 122]. He was not authorized to speak on behalf of Avon Tyres or Cooper-Avon [123]. He has never seen the tire at issue, nor does he have any information about its design or the facts of this case [57, 137-38]. Adams is not a tire designer or tire engineer and admits any information he purports to have about design specifics was secondhand [140-42].

Nevertheless, Adams was also questioned as an expert witness. For example, he was provided a document he had never seen before and then asked to give opinions about it [DE#205-4, Adams Deposition at 58-59]. Additionally, he was asked a series of opinion, and even hypothetical questions, including:

> Q. If I took a tire, tore it apart and took the skim stock out of it and reverse engineered it, would I be able to tell, not in amounts or percentage wise, but would I be able to tell if that skim stock incorporated 6PPD? [*Id.* at 90];

>   Q.     You would agree with me that a properly designed tire does not fail by belt tread separation because of underinflation or overinflation? [*Id*. at 94]; and
>
>   Q.     Tell me this. If you saw a tire that was returned to Avon from the field that had failed as a result of a belt tread separation, or a tread separation, and that tire exhibited bare or brassy looking wires, what would that indicate to you, based on your training and knowledge that you gained at Avon? [*Id*. at 97].

These are just a few examples of the opinion-type questions contained throughout Adams' deposition.

While the plaintiff has attempted to label these witnesses as fact witnesses, it is clearly evident that they are not. The Federal Rules of Civil Procedure and the Federal Rules of Evidence set out explicit rules relating to expert witnesses, and allowing the plaintiff to evade these rules by merely labeling the witnesses "fact witnesses" cannot be condoned. In fact, the Notes to the 2000 Amendments to Rule 701 of the Federal Rules of Evidence explicitly prohibit this, stating:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert witness in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules relating to expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3rd Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson. *See* Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996)(noting that "there is no good reason to allow what is essentially surprise "expert testimony" and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process").

Although the Federal Rules of Evidence distinguish between lay and expert testimony, not witnesses, *see U.S. v. White*, 492 F.3d 380, 403 (6th Cir. 2007), in this case it is impossible to separate out any lay testimony from expert testimony in Pegler and Adams' depositions. The

6

depositions are riddled with opinion questions and neither witness had any personal knowledge of the facts relevant to the case. As a result, in this case, exclusion of the entire depositions is appropriate. This result is further justified by the conduct of the plaintiff's counsel in disregarding Magistrate Judge Wier's clear admonishment that the depositions were only to be taken of the deponents as lay witnesses.

### III.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Cooper Tire's motion to preclude testimony from undisclosed expert witnesses [DE #205] is **GRANTED.**

This November 2, 2011.

Signed By:
*Karl S. Forester*  KSF
United States Senior Judge