UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                              PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                                      INTERVENING PLAINTIFFS


v.                                          **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), the defendant, Cooper Tire & Rubber Company ("Cooper Tire"), has filed its objection [DE #370 and #371] to the August 11, 2011 Order of Magistrate Judge Wier [DE #350] denying its motion to exclude testimony from the plaintiff's expert, Troy Cottles, pursuant to Rule 702 of the Federal Rules of Evidence.  For the reasons set forth below, Cooper Tire's objection will be overruled.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises out of a one-vehicle automobile accident which occurred on Interstate 64 in Montgomery County, Kentucky on February 12, 2009.  At the time of the accident, James O.

Gumm, Jr. was driving a 1994 Chevrolet C2500 pickup truck in the westbound lane when the left rear tire of his truck failed. Gumm lost control of the vehicle, crashed, and was rendered a brain-injured quadriplegic as a result of the accident. This products liability action was subsequently filed by Kim Logan, Gumm's legal guardian, on January 4, 2010 against Cooper Tire, the manufacturer of the failed tire. [DE #1].

The plaintiff has hired Troy Cottles as an expert to testify about various design and/or manufacturing defects that allegedly contributed collectively to tire weakness, and ultimately, tread/belt separation in this case [DE #47]. Cottles has over fifteen years experience in the tire and rubber industry and has testified in other courts as an expert witness. Cooper Tire, however, filed its motion to exclude Cottles' testimony on the grounds that his opinions do not meet the standards of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) and Rule 702 and 703 of the Federal Rules of Evidence [DE #187].

This matter was referred to Magistrate Judge Robert Wier. After reviewing the parties' arguments, Cottles' curriculum vitae and expert report [DE #47], Cottles' deposition [DE #187-4], and Cottles' Affidavit [DE #234-1], Magistrate Judge Wier concluded that the plaintiff had proven admissibility of Cottles' opinions under Rule 702 by the appropriate standards. Accordingly, Magistrate Judge Wier denied Cooper Tire's motion to compel [DE #350].

II.  **STANDARD OF REVIEW**

Pursuant to Rule 72(a), a party may serve and file objections to an order of a magistrate judge within fourteen days after being served with a copy. The district judge may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); *see also United*

2

*States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). In discovery matters, decisions of the magistrate judge are given great deference and will be reversed only for an abuse of discretion. *See Brownlow v. General Motors Corp.*, 2007 WL 2712925 (W.D.Ky. Sept. 13, 2007). The burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law rests with the party filing the appeal, here Cooper Tire. A decision is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

### III.   ANALYSIS

This Court has conducted its own review of the pleadings filed by the parties as well as Magistrate Judge Wier's August 11, 2011 Order. Based on this review, there is simply no indication that Magistrate Judge Wier was clearly erroneous in denying Cooper Tire's motion. Although Cooper Tire argues that Magistrate Judge Wier improperly shifted the burden relevant to the admissibility of expert testimony away from the plaintiff and onto Cooper Tire, a review of the entire Order reveals Magistrate Judge Wier required the plaintiff to prove by a preponderance of the evidence that the admissibility prerequisites exist as to Cottles' testimony. The Order notes that Cooper Tire did not present any competing proof, but clearly holds the plaintiff must prove admissibility and the plaintiff was held to that standard.

Additionally, Magistrate Judge Wier's ruling that Cottles' opinions are reliable and relevant is not clearly erroneous. As the Order notes, Cottles' experience in the industry, his use of methods used by tire failure experts generally, and outside corroboration provide a sufficient basis for his opinions that were reasonably applied to the facts of this case. His methods were based on methods

3

he used while employed in a tire-design and tire-analysis position with a major American tire manufacturer, and parallels those methods used in the industry and employed by other tire failure experts.  His opinions are based on objective observations about the physical characteristics of or design elements of the particular tire.  He cites to patents, his own testing, and industry sources to support his opinions about design choices.  In fact, Cottles' methods significantly overlap those of Joseph Grant, Cooper Tire's expert in this case.  Moreover, Cottles relied on the NHTSA report which corroborated his findings.  While Cooper Tire disputes Cottles' opinions, the Court finds that Magistrate Judge Wier was not clearly erroneous in determining that the plaintiff had proven that Cottles' opinions are reliable and relevant in this matter.

Finally, Cooper Tire argues that Magistrate Judge Wier improperly accepted Cottles' own description of his qualifications as a tire failure analyst.  According to Cooper Tire, Magistrate Judge Wier relied on the Affidavit from Cottles submitted in conjunction with the plaintiff's opposition to Cooper Tire's motion to exclude which contradicts his earlier testimony [DE #234-2].  The Affidavit, properly tendered to provide the Court additional information not contained in his Rule 26 expert disclosure, fleshes out his experience in the tire industry.  To the extent that Cooper Tire complains that Cottles' experience in the industry does not include forensic analysis of a tread separation, the Court does not believe this alleged discrepancy merits reversing Magistrate Judge Wier's Order.  Cottles clearly has significant experience in tire-failure analysis and tire design/ manufacture whether or not he performed similar forensic work during his employment.  Any conflict Cooper Tire contends exists between Cottles' deposition testimony and his Affidavit can be fleshed out during cross-examination.  Considering all the evidence relating to his experience, including Cottles' curriculum vitae [DE #47-12], his deposition [DE #187-4] and his Affidavit [DE

#234-1], the Court finds that Magistrate Judge Wier's finding that Cottles' experience in the industry is sufficient to qualify him as an expert in this case is not clearly erroneous.

### III. CONCLUSION

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Cooper Tire's objection [DE #370 and #371] is **OVERRULED**;

(2) Magistrate Judge Wier's Order of August 11, 2011 [DE #350] is **ADOPTED** as and for the Court's Opinion & Order; and

(3) Cooper Tire's motion to exclude testimony [DE #187] is **DENIED**

This January 19, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**