UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KIM LOGAN, as Legal Guardian for JAMES O. GUMM, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | No. 5:10-CV-3-JBC-REW |
| KENTUCKY CABINET FOR HEALTH & FAMILY SERVICES, | ) ) ) | |
| Intervening Plaintiff, | ) ) | ORDER |
| and | ) ) | |
| UNIVERSITY OF KENTUCKY AND KENTUCKY MEDICAL SERVICES FOUNDATION, | ) ) ) ) | |
| Intervening Plaintiffs, | ) ) | |
| v. | ) ) | |
| COOPER TIRE & RUBBER COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

\* \* \* \* \* \* \* \* \* \*

Yesterday, the Court conducted a call on whether to require Defendant, Cooper Tire & Rubber Company, to present live, during Plaintiff's case-in-chief, six named Cooper employees. Plaintiff deposed each, and the parties agree that each is outside the Court's subpoena power. Plaintiff's concern is the inefficiency and perceived unfairness of Plaintiff presenting deposition testimony during its case, but Defendant then presenting live testimony from the same witness(es) during the defense case.

1

Plaintiff did not raise this issue until less than two weeks before trial (*see* DE #435), and Plaintiff presents no real authority on the question. Cooper maintains that it does not know whether any of the six may be here for its case, and it will make decisions as Plaintiff's case unfolds and the Court resolves pending pretrial motions. Counsel specifically represented that Cooper has not, to this point, made travel plans for any of the six. The Court cannot locate a witness list from Cooper that fully comports with Rule 26's requirement that a party designate the witnesses it "expects to present." *See* Fed. R. Civ. P. 26(a)(3)(A)(i). That said, Cooper repeatedly identifies these six as possible witnesses, and apparently did not designate deposition testimony for any of them. *See* DE ##217, 386, 386-1, 419, 419-1. This suggests a general intent to bring the witnesses live if presented at all.

The Court declines to order Cooper to produce the six during Plaintiff's case. Such an order would implicate not just Cooper's power to produce but also would affect the individual rights of witnesses, who are not before the Court. The potential cost of **requiring** each witness to be here for most of a lengthy trial that will spread over the course of more than one week also is of concern. Plaintiff will suffer no identifiable prejudice if its concerns come true because it will be able to cross-examine any defense witness presented.

However, the Court **ORDERS** the defense to immediately notify Plaintiff if (and when) it arranges for any of the six to travel to Lexington, along with the precise arrival particulars anticipated.[1] Plaintiff then can assess whether to modify its trial approach. Any of the six in the District during Plaintiff's case must, via Cooper's cooperation, be

---

[1]This is a provisional ruling. Either side may seek review by timely motion to the District Judge. This ruling resolves the issue absent an intervening order.

available to appear at a time arranged between counsel. Judge Coffman undoubtedly will be sensitive to any gamesmanship by either side.

As to concerns over duplication, Judge Coffman will have the power to assess whether live testimony from any of the six would be cumulative or duplicative and can make apt limiting rulings in that regard.

On the call, Plaintiff attempted to raise as further issues a) a change in the person Cooper will treat as its designee at trial; and b) whether Cooper should be allowed to offer testimony on topics its Rule 30(b)(6) designee could not answer. Neither issue was part of the pre-call agenda, and the Court declines to address same. Plaintiff should have raised these matters by timely pretrial motion. *See* DE #426, ¶ 11. That said, the Court notes that Plaintiff presented no authority on the relationship between a 30(b)(6) designee and a trial representative. On this undeveloped record, and given the late timing and the Court's questions about the adequacy of impeachment as a remedy, the testimonial requirements that apply at trial, and the lack of a clear 30(b)(6) analog during the trial itself, the Court declines to entertain the topics. Plaintiff may seek leave to raise the matter with Judge Coffman at the trial itself and in advance of Cooper's case-in-chief.

This the 5th day of April, 2012.

Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge