UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-3-KSF

KIM LOGAN, as Legal Guardian for
JAMES O. GUMM, JR.                                                                 PLAINTIFF

and

KENTUCKY CABINET FOR
HEALTH & HUMAN SERVICES,
THE UNIVERSITY OF KENTUCKY
AND KENTUCKY MEDICAL SERVICES
FOUNDATION                                                              INTERVENING PLAINTIFFS


v.                                      **OPINION & ORDER**


COOPER TIRE & RUBBER COMPANY                                        DEFENDANT


\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion [DE #473] of the defendant, Cooper Tire & Rubber Company, to clarify the Court's May 21, 2012, Order [DE #472] and to provide counsel guidance as to the appropriate treatment of the sealed transcription of the partial trial proceedings in this case. The plaintiff, Kim Logan, as Legal Guardian for James O. Gumm, Jr., has filed her response objecting to Cooper Tire's motion, as well as a motion for costs [DE #476]. These motions are now ripe for review.

The trial of this products liability action commenced on April 10, 2012. Both

1

before jury selection and after the jury was dismissed for the day, the Court held a conference with the parties and their attorneys in open court to announce rulings on several pending motions. In most cases, the rulings were announced after argument from the parties' counsel. The sealed trial transcript contains the Court's detailed discussion of and rationale for these rulings. The next day, April 11, 2012, the Court was informed that the parties had reached a settlement.

As part of the settlement agreement, the plaintiff agreed not to oppose Cooper Tire's "motion to maintain the sealing of the record as to any confidential materials . . . but that is to the exclusion of any rulings that Her Honor has made thus far." [DE #471, Trial Transcript, p. 7, ln10-13]. In accordance with regular practice, the Court entered its Order on April 11, 2012, setting forth its rulings with regard to the motions resolved at the conference with the parties on April 10, 2012 [DE #460].

The parties have been unable to agree on what portions, if any, of the trial transcript should remain sealed. Cooper Tire contends that because the Court's April 11, 2012, Order sets forth the rulings of the Court, the entire trial transcript should remain sealed and that Cooper Tire has no obligation to engage in further review of the transcript to designate the portions which do not relate to the Court's rulings. The Court disagrees.

There is a common law right to view court documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978).

> Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged

>to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometime the only, bases or explanations for a court's decision.

*Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1178 (6th Cir. 1983)(stating such background in considering whether to seal court records). Further, "[t]he resolution of private disputes frequently involves issues and remedies affecting third parties or the general public. The community catharsis, which can only occur if the public can watch and participate, is also necessary in civil cases." *Id*. at 1179. While the right of access has exceptions, including "certain privacy rights of participants or third parties, trade secrets and national security . . . [s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Id*.

Cooper Tire's efforts to seal the entire trial process are not well taken. The parties clearly agreed that the Court's rulings would not be sealed. The fact that the Court issued a brief Order setting forth the rulings made in open court does not justify sealing the entire trial transcript. The trial transcript contains not only the Court's rulings, but detailed discussions and explanations of the rationale for each ruling. Cooper Tire cannot point to any trade secrets or other exception to the right of access explained above which would justify sealing this entire transcript. While the parties may have agreed throughout this litigation to overzealous sealing of the record, the

3

Court is the ultimate decision-maker regarding sealing any portion of the record from public disclosure. *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Accordingly, Cooper Tire is not entitled to the relief it seeks in its motion to clarify. In order for the Court to seal any portion of the trial transcript, Cooper Tire shall file, within fifteen days of entry of this Opinion & Order, an appropriate motion, identifying the portions of the trial transcript it seeks to seal, and providing supporting authority for the sealing in accordance with the common law presumption in favor of public access to court proceedings. Response and reply times will run per the Joint Local Rules. The Court will then determine which portions of the trial transcript, if any, shall remain under seal.

The plaintiff has moved for costs based on Cooper Tire's failure to conduct the review of the transcript and to provide the designations as required by the parties' settlement agreement. The Court will deny the motion for costs without prejudice at this time, but encourages the plaintiff to re-file the motion should Cooper Tire fail, in any way, to fully comply with this Opinion & Order.

For the reasons set forth above, the Court **ORDERS** as follows:

(1) Cooper Tire's motion to clarify [DE #473] is **DENIED**;

(2) the Plaintiff's motion for attorney's fees is **DENIED WITHOUT PREJUDICE**; and

(3) **WITHIN FIFTEEN DAYS OF ENTRY OF THIS ORDER**, Cooper Tire may file a motion to seal portions of the trial transcript.

Signed on  September 6, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY